### DOVE HYDE SARTIN V. STATE

No. 31,892. April 20, 1960
Motion for Rehearing Overruled June 8, 1960

*Percy Foreman*, Houston, and *Emmett Wilburn*, Orange, for appellant.

*Feagin W. Windham*, District Attorney, *James A. Morris*, Assistant District Attorney, Orange, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is sodomy; the punishment, two years.

The case was submitted to the jury upon the allegation in the indictment which alleged that appellant permitted the use of his sexual parts in a lewd and lascivious manner by Darrell

Hunter, a minor. The court instructed the jury that Hunter was an accomplice as a matter of law. We address ourselves to the task of deciding the one contention advanced by appellant; i.e., that the evidence is insufficient to support the conviction under the count of the indictment set forth above.

Officer Kirkland of the Orange police testified that, while on patrol, he observed a parked automobile from some distance away which appeared to be deserted and when he came to a halt alongside it he shone his flashlight into the front seat and saw appellant raise his head up from the lap of Darrell Hunter, that both appellant and Hunter were partially undressed and their privates were exposed. He stated that appellant got out of the automobile on the passenger's side where he had been seated or lying, pulled up his trousers and buttoned them, and Hunter did the same while seated in the driver's seat; that they were both taken into custody and carried to the station where Hunter made a written statement and appellant was incarcerated. Officer Pearson, who was driving the patrol car, corroborated that portion of Kirkland's testimony about appellant buttoning up his trousers.

Hunter testified that he was 14 years old; that appellant was a leader in a boy's organization to which he belonged; that they had driven out and parked on this isolated road where they were detected in appellant's automobile; that appellant got out from under the wheel, went around and came up to where he was seated; that he "skidded over," appellant got in, undid his (the witness') pants and started playing with his penis. He stated that appellant then undid his own pants, pulled them down and put his (the witness's) hand on appellant's penis and when he would loosen his grip appellant would replace his hand "wrapped around it." He testified further that appellant was in the act of kissing his (the witness') penis when the officers drove up and that that type of conduct had been going on between them for several months before they were apprehended.

Appellant, a 26-year old single man, testifying in his own behalf, stated that he had been drinking beer; that he got out of the automobile to relieve himself, saw an automobile approaching and re-entered just before the officers arrived; that "I might have been leaned over. I don't know. I got in quickly," and denied any sexual familiarity with Hunter. He called a parade of reputation witnesses and several boys from the organization to which he and Hunter belonged who testified

that they had never noticed anything abnormal about appellant's conduct. He also called two witnesses who testified that they had conversed with Hunter after the day charged in the indictment and that he had denied any sexual irregularity between himself and appellant. He further elicited evidence that Hunter had at first denied any sexual act when questioned by the police.

As we analyze appellant's contention, it is that the portion of Article 524, V.A.P.C., which reads "or who shall voluntarily permit the use of his own sexual parts in a lewd or lascivious manner by a minor" applies *exclusively* to that type of case where it is shown that the minor entertained the lewd and lascivious intent. In Jones v. State, 156 Tex. Cr. Rep. 2, 238 S.W. 2d 529, we overruled such a contention in connection with Article 535d, V.A.P.C. (fondling), and here overrule such contention with respect to this statute.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment of the trial court is affirmed.