**Maurice Samuel CUNNINGHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 929–85.

Court of Criminal Appeals of Texas, En Banc.

March 18, 1987.

David R. Weiner, court appointed on appeal, San Antonio, for appellant.

Sam D. Millsap, Jr., Dist. Atty., and Elizabeth H. Taylor, Ernest Glenn and Charles Estee, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Charged with aggravated sexual assault of a child under V.T.C.A. Penal Code, Sec. 22.011(a)(2)(B) and Sec. 22.021(a)(3), appellant pleaded not guilty in a trial before the court. Expressly finding a failure to prove "penetration of the mouth of the child by the sex organ of [appellant]," the trial court convicted him of indecency with a child.[1]

---

1. Asked by the trial judge if there were a failure to prove penetration what lesser included offense was shown, the prosecutor replied, "[T]his is indecency with a child by contact for one offense...." Announcing that he was satisfied there was "no proof of penetration", the trial

On appeal the San Antonio Court of Appeals sustained appellant's sole ground of error to the effect that the judgment is void because the conviction is for an offense neither alleged nor included in the indictment. Finding that "an essential element of the offense of indecency with a child is the intent to arouse or gratify the sexual desire of any person ... that must be specially alleged in the indictment," the San Antonio Court reasoned that conviction for indecency with a child "requires proof of an additional material fact, the required specific intent, which is not required to be proven for a conviction for aggravated sexual assault under the instant indictment." Therefore, under the indictment in this cause "indecency with a child is not a lesser included offense." It ordered an acquittal for indecency with a child. *Cunningham v. State,* 694 S.W.2d 629 (Tex.App.—San Antonio 1985).

In its petition the State challenges the decision (and reasons given for it) of the Court of Appeals, and we granted review under Tex.Cr.App. Rule 302(c)(2), now Tex. R.App.Pro. Rule 200(c)(2). We will reverse the judgment of the San Antonio Court.

The leading opinion on meaning and construction of Articles 37.08 and 37.09, V.A. C.C.P., and the relation of lesser included offenses to allegations in a charging instrument is *Day v. State,* 532 S.W.2d 302 (Tex. Cr.App.1976), the latter in Opinion on Rehearing. The State contended that a requested charge on criminal trespass, as a lesser included offense of burglary, was properly denied *"because the indictment would not support a conviction for crimi-*

*nal trespass," id.,* at 310, relying on the principle that when a lesser offense is not statutorily identified as a degree of the primary offense charged, the lesser must be sufficiently pled in the indictment in order to support a judgment of conviction for the lesser offense. *Id.,* at 313.[2]

Responding to the State's contention, the Court first observed that the State was relying on authorities decided before the 1973 amendments to the Code of Criminal Procedure. Accordingly it analyzed former statutes and case law, and we set out in the margin its own summary of what was found.[3]

Having held on original submission that "on the *facts* of this case" criminal trespass is a lesser included offense to burglary as charged, and having affirmed that holding on rehearing, *id.,* at 310, the Court concluded:

"With respect to the State's challenge raised against the *power of the court to enter judgment for criminal trespass upon the indictment in this case,* [note omitted] we hold that the new statutory scheme of lesser included offenses ... *did not create such a restriction* upon the jurisdiction of the trial court once properly invoked to try the offense charged, to proceed to judgment upon the lesser included offense...."

*Id.,* at 315. Accord: E.g., *Ex parte McClelland,* 588 S.W.2d 957, 959 (Tex.Cr. App.1979) (new statutory scheme does not restrict jurisdiction of the trial court, once properly invoked to try the offense

---

judge found appellant guilty of "the lesser included offense of indecency with a child under section 21.11(a)(1) of the Texas Penal Code." The judgment of conviction is not all that precise, however, reciting a finding of guilty of "indecency with a child," without specification or elaboration.

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

3. "Prior to the enactment of a new statutory scheme of lesser included offenses in 1973, there were two types of 'lesser offenses' subject to different rules regarding the power of the court to enter a judgment of conviction for the lesser offense upon the indictment

charging the greater offense. If the greater degree by statute consisted of degrees, the elements of the lesser offense did not have to be alleged in the indictment. If the lesser offense was not a degree of the greater by statute, the elements of the lesser had to be alleged in the indictment before a conviction for that lesser could be had thereon. Furthermore, even if by statute the lesser was made a degree of the greater alleged, the validity of that statutory designation was subject to constitutional attack and, upon such attack, to judicial examination of the relationship between the two offenses."

*Id.,* at 314–315.

charged, to proceed to judgment on a lesser included offense).

Turning to the constitutionality of Articles 37.08 and 37.09(1), supra, the Court noted that "each definition in Article 37.09 is stated with reference to 'the offense charged,' and moreover, each such definition specifically states the manner in which the lesser included offense differs from the offense charged;" it further observed that those differentiations "vary in a manner that is either restrictive or reduces culpability as compared to the offense charged." Accordingly, the articles are constitutional "insofar as they authorize, as did the prior scheme of degrees of offenses, conviction upon an indictment charging one offense for a lesser included offense of the offense charged." *Id.*, at 315. However, the Court added a most significant stipulation, *viz:*

"[W]hether one offense bears such a relationship to the offense charged is an issue which *must await a case by case determination*, both because the statute defines lesser included offenses in terms of *the offense charged* and because it defines lesser included offenses in terms of *the facts of the case.*"

*Id.*, at 315–316. Accord: *Campbell v. State*, 571 S.W.2d 161 (Tex.Cr.App.1978) (State's case "as presented to prove the [aggravated robbery] offense charged" included proof of lesser included offense of completed theft); *Hazel v. State*, 534 S.W.2d 698 (Tex.Cr.App.1976) (proof showed unlawful possession of hand gun a lesser included offense of possession of pistol by felon); *Jones v. State*, 532 S.W.2d 596, 601 (Tex.Cr.App.1976) (insufficient proof that a "habitation" was burglarized but showing an "enclosed structure" sustains lesser included offense of burglary of a "building"); cf. *Williams v. State*, 605 S.W.2d 596, 600 (Tex.Cr.App.1980).

 In terms of the offense charged in the instant cause, practically tracking Secs. 22.011(a)(2)(B) and 22.021(a)(3), supra,

in pertinent part the indictment alleged that on the 3rd day of October 1983, appellant did then and there:

"intentionally and knowingly cause the *penetration of the mouth of [named child] by the sexual organ of the said defendant,* and by acts and words occurring in the presence of [the child], intentionally and knowingly threatened to cause the death of [the child]."

The jurisdiction of the trial court having been properly invoked to try the offense charged, it was authorized to proceed to judgment upon any lesser included offense determined from the offense charged and the facts of the case. *Williams v. State*, 605 S.W.2d 596, 600 (Tex.Cr.App.1980); *Ex parte McClelland*, supra; *Hazel v. State*, 534 S.W.2d 698, 700–701 (Tex.Cr.App.1976); *Day*, supra. Contrary to the opinion of the San Antonio Court of Appeals, that the indictment did not expressly allege an element of indecency with child—intent to arouse or gratify the sexual desire of any person—did not preclude the trial court from proceeding to judgment upon a correctly determined lesser included offense. *Day*, supra (Opinion on Rehearing) In this context both *Duwe v. State*, 642 S.W.2d 804 (Tex.Cr.App.1982) and *Victory v. State*, 547 S.W.2d 1 (Tex.Cr.App.1976), cited by the San Antonio Court, are inapposite. What must be decided in light of the offense charged and the facts proved is whether *in this cause* indecency with a child is a lesser included offense of the one alleged. *Campbell v. State*, supra, at 161.

The offense charged is a species of what is now titled "sexual assault," aggravated in this instance by threat to cause death of the child. V.T.C.A. Penal Code, Secs. 22.011(a)(2)(B) and 22.021(a)(3). Putting aside the aggravating feature, *Hazel v. State*, supra, at 701, the offense is committed when a person "intentionally or knowingly causes the penetration of the mouth of a child by the sexual organ of the actor." [4]

---

4. Formerly the offense was "sexual abuse of a child," committed when a person "with intent to arouse or gratify the sexual desire of any person, ... engages in deviate sexual intercourse with a child ..." *Id.*, Sec. 21.10, and "deviate sexual intercourse" then and now includes "any contact between any part of the genitals of one person and the mouth or anus of another person." *Id.*, Sec. 21.01(1)(A). Factually, then, the indictment alleges one form of "deviate sexual intercourse" and, with intent to arouse or gratify sexual desire, one form of "sexual contact,"

While the 1983 changes may indicate a legislative preference that the thrust of sexual assault of a child be regarded as more assaultive in nature than sexual abuse of a child, we must not confuse statutory elements in the definition of an offense with evidentiary facts that prove it. That the Legislature altered the nature of the offense does not rule out the fact that an act of causing penetration of the mouth of a child by the penis of another will be accompanied with specific intent to arouse or gratify sexual desire of the actor. The issue is "whether the State's case as presented to prove the offense charged included proof of [a lesser included offense]," not "whether the primary offense is capable of proof on some theory that would not show [a lesser included offense]." *Campbell*, supra, at 162; *Hazel*, supra, at 700; *Day*, supra, at 310, 315.

In the instant cause, however, in reaching its decision the San Antonio Court did not even mention the State's proof. That proof presents a brief scenario that is at once simple and commonplace in such cases.

The fourteen year old victim testified that during lunch time at the middle school she attended appellant approached her in the parking lot; through a ruse and a dollar bill he induced her into his automobile and drove to another area nearby. There, still in his car, appellant told the child to take off her clothes, slapping her in the face until, in tears and afraid, she began to do so. She removed her pants and shirt and lifted up her "bra." Then or later he "took down" his own pants. He "put his finger on [her] crotch," and told her to lick his penis; she did that. After she licked his penis he put it "in [her] crotch."

Asked directly if he "put his penis in your mouth," the child answered, "No." In time appellant told her to put her clothes back on, she did and appellant drove her back to school and let her out. The child went immediately to her teacher and reported what had happened.

Ever since the Legislature modernized the common law definition of sodomy to

proscribe certain acts done "in a lewd and lascivious manner"—meaning "in a vulgar manner inciting sexual desire or appetite," *Slusser v. State*, 155 Tex.Cr.R. 160, 232 S.W.2d 727, 730 (1950)—and denounced other sexual acts with "lascivious intent," the rule has been that "lascivious" or other requisite intent may be inferred from conduct and remarks of the actor and surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211 (Tex.Cr.App.1981), 215, n. 15, citing *Bowles v. State*, 550 S.W.2d 84 (Tex.Cr.App.1977), where many authorities are assembled for that proposition.

Here, proof adduced by the State presents ample evidence from which a rational factfinder could easily infer that while appellant acted assaultively his conduct included an intent to arouse or gratify his own sexual desire. *Jacquez v. State*, 579 S.W.2d 247, 249 (Tex.Cr.App.1979) (stranger grabbed minor male victims, dragged them behind school building and forced them to "touch and scrub" his penis); *Ferguson v. State*, 579 S.W.2d 2, 5 (Tex.Cr.App.1979) (accused forced stepdaughter to take his penis in her mouth and move her head up and down); *Hohn v. State*, 538 S.W.2d 619, 620–621 (Tex.Cr.App.1976) (adult male companion of mother made her child take off clothes, get in his bed and perform an act of oral sodomy on him); *Sartin v. State*, 169 Tex.Cr.R. 563, 335 S.W.2d 762 (1960) (adult required minor to grip penis of former and was in act of kissing penis of latter when discovered in automobile). See *McKenzie v. State*, supra, at 216 (given all surrounding circumstances when an older man kneels down in front of a female child, says he is going "to see if she is clean," touches her genitalia and promptly arises to leave immediately, "permissible deduction is that he did so with intent to arouse and gratify his own sexual desire") and *Jones v. State*, 156 Tex.Cr.R. 2, 238 S.W.2d 529, 530 (1951) (landlord pulled down panties of minor female tenant and "rubbed [his] fingers on her female parts").

as respectively defined by Sec. 21.11(a)(1) and (2).

Therefore, when the State sought to show that appellant caused his penis to penetrate the mouth of his female victim, it proved conduct on the part of appellant leading up to but just short of penetration that constitutes indecency with a child by engaging in sexual contact with her and by exposing his genitals to her—both with intent to arouse or gratify his own sexual desire—in violation of Sec. 21.11(a)(1) and (2), respectively (as well as "deviate sexual intercourse"). Since jurisdiction of the trial court was properly invoked to try the offense charged, that such specific intent was not expressly alleged in the indictment will not bar an adjudication of guilt of a lesser included offense of which such intent is an element. *Day*, supra.

While it is certainly true that Sec. 22.011(a)(2)(B) does not in terms require a specific intent to arouse or gratify sexual desire, the Legislature has recognized that an actor may well act with just such intent when he causes his penis to penetrate the mouth of a child. See note 4, *ante*. In the instant scenario, if appellant had any conscious objective or desire to cause his penis to penetrate the mouth of his victim, he first forced her to touch (lick) his penis before putting it in her crotch. Those acts are indicative of that particular specific intent. Proof of preliminary conduct amounting to indecency with a child may not always be made in an effort to prove penetration of a penis into the mouth of child, but when proof of penetration fails and there is a showing that the child was forced to lick the penis of the actor and he, in turn, put it in her crotch, permitting a reasonable inference of intent to arouse or satisfy his sexual desire, less than all the facts of sexual assault under Sec. 22.011(a)(2)(B) have been proved, and we so hold. *Day* and *Jones*, 532 S.W.2d, at 601.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

MILLER, J., concurs in result.

ONION, P.J., and DUNCAN, J., dissent.

MILLER, J., concurs in result.