Evelyn Maxine Edwards v. State















IN THE
TENTH COURT OF APPEALS
 
No. 10-98-193-CV

IN THE MATTER OF O.T., A JUVENILE,

 

From the 73rd District Court
Bexar County, Texas
Trial Court # 97-JUV-03490
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Appellant, O.T. was charged by petition with having engaged in delinquent conduct. The
specific charges were sexual assault and indecency with a child. Trial was before the Court. 
Appellant entered pleas of true and was committed to the Texas Youth Commission until his 21st
birthday. Appellant seeks reversal of his adjudication and disposition. FACTUAL BACKGROUND
Â Â Â Â Â Â O.T. was charged with committing sexual assault and indecency with a child, against the same
victim, G. T., âon or about May 10, 1997". G. T. turned 14 years old on May, 8, 1997. O.T.
is one year older than G. T.
Â Â Â Â Â Â O.T. molested his cousin, G. T., over a period of several years beginning when G. T. was
six years old. On one occasion O.T. touched G. T. under her clothes on her breasts and her
âprivateâ. On another occasion, when G. T. was ten years old, O.T. kissed her on her mouth,
took off her shirt and bra and put his mouth on her breasts. On yet another occasion in 1995,
O.T. took off G. T.âs shorts in the middle of the night and put his private part âhalfway, it felt
ugly because I didnât like it. ...Yea, it did hurt.â O.T. told her if he went to jail he would kill her
or have someone kill her. The last time O.T. sexually penetrated G. T. with his penis was the
incident from which she outcried the day after a school dance.
Â Â Â Â Â Â O.T. appeals bringing three points of error. His first point of error asserts the trial judge
erred by finding both allegations in the petition true, because indecency with a child is a lesser
included offense of sexual assault. His second point of error argues he received ineffective
assistance of counsel because his attorney failed to raise an affirmative defense on his behalf. His
third point of error asserts the trial judge erred by sentencing him to the Texas Youth Commission
and by classifying his offenses as a sanction level five, because Texas Family Code Â§59.003 
classifies them as a sanction level four.
ANALYSIS
Â Â Â Â Â Â O.T.âs first point of error asserts the judge erred in finding him delinquent on both counts 
charged in the petition in violation of double jeopardy prohibitions because indecency with a child
is a lesser included offense of sexual assault. Though O.T. focuses on the âon or about May 10,
1997â language in the indictment when making his double jeopardy arguments, the state is not
prevented from showing that acts alleged in the petition occurred on dates other than May 10,
1997, so long as the acts occurred within statutes of limitations. Swabado v. State, 597 S. W. 2d
361, 363 (Tex. Crim. App. 1980). 
Â Â Â Â Â Â The double jeopardy doctrine prohibits both cumulative punishment and successive
prosecutions for greater and lesser included offenses committed during the same act or transaction. 
Brown v. Ohio, 432 U.S. 161,165-166, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977). Under the
Blockburger test, violations of two statutory provisions constitute separate offense for double
jeopardy purposes if âeach provision requires proof of an additional fact which the other does
not.â Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932). 
If each statute requires proof the other does not, the Blockburger test is met even if the offenses
were committed contemporaneously or one offense is committed in aid of the other. Parrish v.
State, 869 S. W. 2d 352, 354-355 (Tex. Crim. App. 1994). 
Â Â Â Â Â Â Whether indecency with a child is a lesser included offense of aggravated sexual assault of
a child is determined on a case by case basis. Cunningham v. State, 726 S. W. 2d 151 (Tex.
Crim. App. 1987). A person commits sexual assault against a child if the person âintentionally
or knowingly ...causes the penetration of the anus or female sexual organ of a child by any
meansâ; âcauses the penetration of the mouth of a child by the sexual organ of the actorâ; âcauses
the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another
person, including the actor;â or âcauses the anus of a child to contact the mouth, anus, or sexual
organ of another person, including the actor.â Tex. Penal Code Ann. Â§22.011. A person
commits indecency with a child if âwith a child younger than 17 years and not his spouse, whether
the child is of the same or opposite sex, he...engages in sexual contact with the child; or...exposes
his anus or any part of his genitals, knowing the child is present with intent to arouse or gratify
the sexual desire of any person.â Tex. Penal Code Ann. Â§ 22.11(a). Sexual assault against a
child may be committed by penetration or any sexual contact. Indecency with a child requires
intent to gratify sexual desire and may be committed by sexual contact or sexual exposure. 
Depending on the circumstances of the molestation, sexual assault may or may not require proof
of an additional fact which indecency with a child does not. 
Â Â Â Â Â Â In Cunningham, the evidence was of one incident of abuse and the circumstances of the
molestation were such that indecency with a child was a lesser included offense of aggravated
sexual assault. Cunningham v. State, 726 S. W. 2d at 155. In this case, O.T. molested G. T. on
several different occasions. On at least one occasion his actions met the definition of indecency
with a child. On at least one other separate occasion his actions met the definition of sexual
assault. In this case, indecency with a child is not a lesser included offense of sexual assault. The
evidence supports conviction for both sexual assault and indecency with a child without violating
double jeopardy prohibitions, and O.T.âs first point of error is overruled.
Â Â Â Â Â Â O.T.âs second point of error asserts he received ineffective assistance of counsel due to the 
failure of trial counsel to assert an affirmative defense on his behalf. To show ineffective
assistance of counsel, an appellant must demonstrate (1) his trial counselâs performance was
deficient because it fell below an objective standard of reasonableness and (2) there was a
reasonable probability that, but for counselâs errors, the result of the proceeding would have
differed. Strickland v. Washington, 104 S. Ct. 2052, 466 U.S. 668, 80 L. Ed.2d 674 (1984). The
defendant bears the burden of proving ineffective assistance of counsel. Jackson v. State, 877 S.
W. 2d 768, 771 (Tex. Crim. App. 1994). The defendant must also overcome the strong
presumption that the challenged action was sound trial strategy. Strickland at 2065. The
reviewing court should look at the totality of the representation rather than isolated acts or
omissions of trial counsel. Id. The reviewing court should not consider that another attorney
might have pursued a different course of action. Hawkins v. State, 660 S. W. 2d 65, 75 (Tex.
Crim. App. 1983). 
Â Â Â Â Â Â It is an affirmative defense to sexual assault âthat the actor was not more than three years
older than the victim, and the victim was a child or 14 years of age or older.â Tex. Penal Code
Ann. Sect. 22.011(e). It is an affirmative defense to indecency with a child âthat the actor...was
not more than three years older than the victim and of the opposite sex; and...did not use duress,
force, or a threat against the victim at the time of the offense.â Tex. Penal Code Ann. Sect.
22.11(b). O.T.âs trial counsel did not raise either defense on his behalf. 
Â Â Â Â Â Â O.T. has not met the burden for proving ineffective assistance of counsel. O. T. is not
entitled to the affirmative defense against indecency with a child because he used a threat against
the victim. O.T. focuses on the âon or about May 10, 1997" language in the petition when
claiming the right to the affirmative defense against sexual assault. However, the state is not
limited to proving the incidents of sexual assault and indecency with a child occurred on May 10,
1997. Swabado v. State, 597 S. W. 2d at 363.
Â Â Â Â Â Â The state produced evidence of abuse occurring on several occasions before May 10, 1997,
and more importantly, before May 8, 1997, when the victim turned 14. Because all but the final
act of sexual assault or indecency with a child occurred before the victim turned fourteen years
old, O.T. would have only had a defense to one act of sexual assault. With nothing to explain why
trial counsel did not raise either affirmative defense, this court can only conclude his trial strategy
may have been not to admit to any of the offenses. Even if O.T.âs counsel had asserted the
affirmative defense to the last act of assault, the other incidents of sexual assault and indecency
with a child are sufficient to adjudicate him of both counts. O.T. has not met the burden for
proving ineffective assistance of counsel because he fails to show how, with reasonable
probability, the outcome of the proceeding would have been different, had trial counsel raised the
affirmative defenses. O.T.âs second point of error is overruled.
Â Â Â Â Â Â O.T.âs third point of error asserts that the trial judge erred by classifying his offenses as
sanction level five, because the Texas Family Code Â§59.003 (a)(4) classifies them as sanction level
four. Because sexual assault and indecency with a child are classified as second degree felonies,
O.T.âs conduct amounted to a sanction level four. See Tex. Penal Code Ann. Â§Â§ 22.011, 21.11
(West 1998); Juvenile Justice Code Â§59.003 (West 1998). O.T. was sentenced to the Texas
Youth Commission until his 21st birthday based on a level six sanction. A disposition to the
Texas Youth Commission is outside the range of a level four sanction. Juvenile Justice Code
Sect. 59.007 (West 1998). A number of factors allow a court to enhance punishment by placing
a delinquent child at the next level of sanctions, and the court may impose âappropriate sanctions
that are different from those provided in any sanction levelâ, but the court must explain the reason
for the deviation in writing and submit the statement to the juvenile board. Juvenile Justice
Code Sect. 59.003(e). While the juvenile court has discretion to deviate from the assigned
sanctions, the court did not file written findings explaining the deviation as required by Sect.
59.003(e). O.T.âs third point of error is sustained.
Â Â Â Â Â Â This cause is reversed and remanded to the trial court for further proceedings consistent with
this opinion.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ROBERT M. CAMPBELL
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice (Sitting by Assignment)

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance and
Â Â Â Â Â Â Justice Campbell (Sitting by Assignment)
Affirmed in part; reversed and remanded in part
Opinion delivered and filed January 27, 1999
Do not publish



p;_xfercite=%3ccite%20cc%3d%22USA%22%3e%3c%21%5bCDATA%5b67%20S.W.3d%20229%5d%5d%3e%3c%2fcite%3e&_butType=4&_butStat=0&_butNum=55&_butInline=1&_butinfo=TEX.%20R.%20EVID.%20403&_fmtstr=FULL&docnum=1&_startdoc=1&wchp=dGLbVlW-zSkAz&_md5=e21edd2480f908a9e2e3983d55cfc116">Rule 403, it is not
enough that the evidence is prejudicialÂ - it must be unfairly prejudicial.Â).Â  Rather than suggesting a decision on an
improper basis, CarterÂs testimony would place the evidence of RuffinÂs mental
state in the proper context and allow the jury to properly evaluate the
probative force of the evidence.Â  The evidence goes to the heart of the main
issue in the case: whether Ruffin committed the charged offense.Â  We cannot say
that the jury would have been confused, distracted, or misled by this
evidence.Â  See Ruffin, 270 S.W.3d at 595 (Expressing Âconfidence that our Texas judges and
juries are sufficiently sophisticated to evaluate expert mental-disease
testimony in the context of rebutting mens rea just as they are in
evaluating an insanity or mental-retardation claim.Â).

Finally, the record does not suggest
that the testimony would cause Âundue delayÂ or Âneedless presentation of
cumulative evidence.Â Â CarterÂs testimony is not cumulative of other testimony
at trial.Â  The bill of exception consumed approximately nineteen pages of the
record, and CarterÂs testimony at the punishment phase of trial consumed about
forty pages of the record.

In summary, the above factors favor
admission of the evidence.Â  The trial court abused its discretion by excluding
RuffinÂs proffered expert testimony under Rule 403.Â  

We now address whether Ruffin suffered
harm as a result of the exclusion of his evidence.Â  The State argues that harm
should be evaluated for non-constitutional error.Â  Citing Walters v. State,
247 S.W.3d 204 (Tex. Crim. App. 2007), Ruffin contends that harm should be
evaluated for constitutional error:

The erroneous exclusion of evidence
offered under the rules of evidence generally constitutes non-constitutional
error and is reviewed under Rule 44.2(b). Â The
exception is when erroneously excluded evidence offered by the criminal
defendant Âforms such a vital portion of the case that exclusion effectively
precludes the defendant from presenting a defense.Â Â Exclusion of evidence
might rise to the level of a constitutional violation if: (1) a state
evidentiary rule categorically and arbitrarily prohibits the defendant from
offering otherwise relevant, reliable evidence vital to his defense; or (2) a
trial courtÂs clearly erroneous ruling results in the exclusion of admissible
evidence that forms the vital core of a defendantÂs theory of defense and
effectively prevents him from presenting that defense. Â In such a case, Rule 44.2(a), the
standard for constitutional errors, would apply.

Â 

Walters, 247 S.W.3d at 219 (emphasis added).

Texas
does not recognize diminished capacity as an affirmative defense i.e., a
lesser form of the defense of insanity. Â Jackson
v. State, 160 S.W.3d
568, 573 (Tex. Crim. App. 2005).Â  It
is Âsimply a failure-of-proof defense in which the defendant claims that the
State failed to prove that the defendant had the required state of mind at the
time of the offense.ÂÂ  Id.Â  The standard for non-constitutional error
applies.Â  See Morales
v. State, 32 S.W.3d
862, 866-67 (Tex. Crim. App. 2000) (remanding case to the First Court of
Appeals to evaluate the exclusion of defendantÂs expert testimony for
non-constitutional error).

Â When evaluating harm from non-constitutional error
flowing from the exclusion of relevant evidence, we examine the record as a
whole, and if we are fairly assured that the error did not influence the jury
or had but a slight effect, we conclude that the error was harmless. Â Ray v. State, 178 S.W.3d 833, 836 (Tex. Crim.
App. 2005). Â Any error must be disregarded unless it affected RuffinÂs
substantial rights. Â See Tex. R.
App. P. 44.2(b).

The State argues that RuffinÂs
substantial rights were not affected because he was able to present similar
testimony from other witnesses, the record contains a wealth of evidence to
support the verdict,[1]
and the jury must have considered RuffinÂs diminished mental state, having assessed
ten years in prison for each count.[2]
Â 

Whether Ruffin knew he was shooting at
law enforcement officers was central to the case.Â  The lay testimony of RuffinÂs mental
state amounts to Âobservational evidenceÂ that was Ânever put into a
mental-disease context or its psychological significance explained.ÂÂ  Ruffin, 270 S.W.3d at 597.Â  The jury did not have the opportunity to hear CarterÂs
testimony, which was relevant to his failure-of-proof defense, and to evaluate its
credibility in addition to other evidence presented at trial.Â  

In Morales v. State, No. 01-99-00457-CR, 2001 Tex. App. LEXIS 3219Â (Tex. App.ÂHouston [1st Dist.] May 17, 2001, no pet.) (not designated for publication),
Morales was charged with
felony driving while intoxicated.Â  See Morales,
2001 Tex. App. LEXIS 3219, at *1.Â  Morales
called an acquaintance who testified that he and Morales had four or five beers
several hours before the offense; thus, he did not believe that Morales was
intoxicated.Â  Id. at *7.Â  Morales sought to introduce expert testimony
to show that he Âwould not have been mentally or physically impaired because of
the alcohol burn-off rate.ÂÂ  Id.Â  When conducting its harm analysis, the First Court noted that the sole issue at trial was whether
Morales was driving while intoxicated.Â  See id. at *9.Â  MoralesÂs
Âprimary defense was that he could not have been driving while intoxicated
because such a long period of time had elapsed since his last drink.ÂÂ  Id. Â The expertÂs testimonyÂ would have Âsubstantially bolsteredÂ that defense.Â 
 Id. at *9-10.Â  Although the First Court did not believe that Morales
would have been acquitted Âbut for the trial courtÂs error,Â it could not say
with Âfair assurance
that the excluded
testimony would have had no effect, or but slight effect, on the juryÂs
consideration of [MoralesÂs] defense.ÂÂ  Id. at *10.Â  Morales was harmed
because the Âjury was not given an opportunity to hear testimony relevant to
[his] defense and assess its credibility along with the other evidence in the
case.ÂÂ  Id.Â  

As in Morales, we do not have a
fair assurance that the exclusion
of CarterÂs testimony did not influence the jury or had but a slight effect.Â  Because
we conclude that Ruffin was harmed by this error, we reverse the judgment and
remand this cause to the 

trial court for further proceedings
consistent with this opinion.

Â Â Â 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray dissenting with note)*

Reversed and
remanded

Opinion
delivered and filed September 23, 2009

Do not publish

[CRPM]

Â 

*Â Â Â Â Â Â Â Â Â Â  (Chief
Justice Gray dissents.Â  A separate opinion will not issue.Â  The admissibility
of the evidence is dependent on a balancing test administered by the trial
court and even if erroneously excluded must be harmful.Â  Based on the precedent
of this Court, I cannot conclude the trial court erred in his decision to exclude
the evidence or that, if erroneous, the exclusion was harmful.)

Â Â Â Â Â Â Â Â Â Â Â  









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  On original
submission, we noted several facts supporting the verdict: (1) Ruffin had known
Brown for years, knew that she was a law enforcement officer, and acknowledged
her on the night of the offense; (2) some officers had activated the overhead
lights on their patrol cars at the time of their arrival at the scene; (3) the
headlights of some patrol cars illuminated the law enforcement markings on
other vehicles, as well as officers in uniform; and (4) at some point during
the night, Ruffin fired shots at both the officers and a police helicopter. Â See
Ruffin v. State, 234 S.W.3d 224, 227-28Â (Tex.
App.ÂWaco 2007, pet. granted).

Â 





[2] Â Â Â Â Â Â Â Â Â Â Â Â Â  Citing Peters
v. State, 31 S.W.3d 704Â (Tex. App.ÂHouston [1st Dist.] 2000, pet.
refÂd) and Wilkerson v. State, 766 S.W.2d 795Â (Tex. App.ÂTyler
1987, writ refÂd), Ruffin contends that exclusion of CarterÂs testimony was
harmful.Â  Because these cases involve testimony excluded at the punishment
phase, they are not particularly helpful.