Affirmed and Memorandum Opinion filed July 3, 2003









Affirmed
and Memorandum Opinion filed July 3, 2003.

 

                                                                              

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00984-CV

____________

 

IN
THE MATTER OF T.D.B.

 



 

On
Appeal from the County Court at Law

Walker County, Texas

Trial Court Cause No.
J01-82

 



 

M
E M O R A N D U M   O P I N I O N

A
jury found that appellant, T.D.B., engaged in delinquent conduct by committing
the offense of indecency with a child. 
In three points of error, appellant claims that the trial court erred in
submitting indecency with a child as a lesser-included offense of aggravated
sexual assault and that the evidence is legally and factually insufficient.

Background








Appellant,
a thirteen year-old juvenile, and his family, were close friends with the
complainant=s family.  On September
13, 2001, appellant stayed at the complainant=s house while his parents were with their other child who was
receiving medical treatment in Houston. 
The complainant was five years old.  Appellant was to sleep in the complainant=s
older brother=s room.  Adjoining this
room was an Aattic.@  It contained, among
other things, the complainant=s school records and projects. 
The complainant asked appellant to accompany her to the attic in order
for her to show him some of her school projects.  He did so. 


Once
in the attic, appellant asked the complainant to sit in his lap and he placed
his hand inside her underwear and touched her Atootoo,@ or private part, with his finger.  The complainant=s sister, R.L., knocked on the door, entered the room and
observed the complainant sitting on appellant=s lap.  Both the exterior
door to the bedroom, as well as the interior door to the
attic room were closed.  R.L.
observed that the complainant=s underwear was down and appellant=s
zipper was undone.  R.L. told the
complainant she needed to go to bed and appellant responded,
Agive
us a few more minutes.@  R.L. left the room, but
returned shortly to take the complainant back to her bedroom.  At that time, the complainant and appellant
were on the floor looking at a box of school items.  Upon leaving the room, the complainant told
R.L. that appellant had rubbed her Abottom.@  The complainant told
her mother the same thing approximately one month later.  At trial, appellant denied any inappropriate
touching.

Appellant
was charged with aggravated sexual assault of a child.  The jury convicted him of the lesser-included
offense of indecency with a child. 

Legal
and Factual Sufficiency

As
all three of appellant=s points of error challenge the sufficiency of the evidence
proving Aintent,@
we will address the legal and factual sufficiency claims first.








In
reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict.  See
Jackson v. Virginia, 443 U.S. 307, 319 (1979).  We accord great deference Ato
the responsibility of the trier of fact [to fairly]
resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts.@  Id. at 319.  We presume that any conflicting inferences
from the evidence were resolved by the jury in favor of the prosecution, and we
defer to that resolution.  Id. at 326.  In our review, we determine only whether Aany rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.@  Id. at 319.

An
essential element of the offense of indecency with a child is the intent to
arouse or gratify the sexual desire of any person.  Duwe v. State, 642 S.W.2d 804, 805 (Tex. Crim.
App. 1982).  The requisite
specific intent can be inferred from the defendant=s
conduct, his remarks, and all surrounding circumstances.  McKenzie v. State,
617 S.W.2d 211, 216 (Tex. Crim. App. 1981).  

Here,
the evidence showed that appellant touched the complainant=s
Atootoo@ with his finger.  He was
alone with her in an attic room behind closed doors and away from the remainder
of the family.  She was seen sitting in
his lap, with her underwear pulled down, and his pants unzipped.  When her sister entered the room, appellant
asked for a few more minutes alone with the complainant.  Viewing the evidence in the light most
favorable to the jury=s verdict, a rational jury could have found the evidence
sufficient beyond a reasonable doubt to prove that appellant had the requisite
intent to arouse or gratify his sexual desire. 
See Couchman v. State, 3 S.W.3d 155,
163 (Tex. App.CFort Worth 1999,
pet. ref=d)
(repeated attempts to fondle complainant found legally sufficient to infer
intent); Tyler v. State, 950 S.W.2d 787, 788-89 (Tex. App.CFort Worth 1997, no pet.) (slipping finger inside shorts of two different
complainants found legally sufficient to infer intent); Santos v. State,
961 S.W.2d 304, 308 (Tex.
App.CHouston [1st Dist.] 1997, pet. ref=d) (standing near complainant in toy aisle, fondling, and
slipping hand under complainant=s shirt found legally sufficient evidence to infer intent).








We
conduct a factual sufficiency review by asking whether a neutral review of all
the evidence demonstrates the proof of guilt is so obviously weak as to
undermine confidence in the jury's determination or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  We may set
aside the jury=s verdict only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust.  Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996).  Although we review
the fact finder=s weighing of the evidence, and we are authorized to disagree
with the fact finder=s determination, our evaluation should not substantially
intrude upon the fact finder=s role as the sole judge of the weight and credibility given to
witness testimony.  Johnson, 23 S.W.3d at 7.  In
particular, we must defer to the jury=s determination concerning what weight to give contradictory
testimonial evidence, because resolution often turns on an evaluation of
credibility and demeanor, an evaluation better suited for jurors who were in
attendance when the testimony was delivered. 
Id. at 8.

Appellant
argues the evidence is factually insufficient to support the finding of intent
to arouse.  He does not point to any
contradictory evidence, but relies on what he argues is a complete lack of
evidence.  However, as previously stated,
intent to arouse may be inferred by conduct, remarks, and surrounding
circumstances.  McKenzie, 617 S.W.2d at 216.  AAn
oral expression of intent is not required, and a defendant=s
conduct alone is sufficient to infer intent.@  Couchman,
3 S.W.3d at 163. 









The
only evidence contrary to the verdict consists of appellant=s
denial that he committed the offense and minor conflicts in the testimony.  For example, R.L., complainant=s
sister, testified that she witnessed complainant sitting in appellant=s
lap with her underwear down and appellant=s zipper undone.  R.L.
also stated appellant was wearing Awind@ pants.  In contrast to
this testimony, appellant states he was wearing blue-jean shorts and a t-shirt,
while complainant testified her underwear remained on.  As the trier of
fact, the jury is the sole judge of the credibility of the witnesses.  Soto v. State, 864 S.W.2d 687, 691 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d) (citing Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986), cert denied, 488 U.S. 872
(1988)).  The weight to be given
conflicting testimony lies within the sole province of the jury, and the
reviewing court must show deference to the jury=s determination.  Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). 
Further, it was within the province of the jury to reject appellant=s
testimony.  See
Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim.
App. 1991); Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982) (finding Athe
jury may believe some witnesses and refuse to believe others, and it may accept
portions of the testimony of a witness and reject other portions@).

Because
we find the evidence sufficient to support the jury=s
verdict, we overrule appellant=s second and third points of error.

Lesser-Included
Offense

In
appellant=s first point of error, he complains that the trial court erred
in submitting the lesser-included offense of indecency with a child to the
jury.  The indictment charged appellant
with aggravated sexual assault.  At trial,
the jury charge included the lesser-included offense of indecency with a child.  Indecency with a child requires a sexual
contact Acommitted
with the intent to arouse or gratify the sexual desire of any person.@  Tex. Pen. Code Ann. ' 21.11(c) (Vernon Supp. 2002).  Appellant recognizes that indecency with a
child may be a lesser-included offense of aggravated sexual assault.  Cunningham v. State, 726 S.W.2d 151, 153-155 (Tex. Crim. App.
1987).  Whether indecency with a child
is a lesser included offense of aggravated sexual assault of a child is to be
determined on a case-by-case basis.  Cunningham,
726 S.W.2d at 154. 
The focus is Awhether the State=s case as presented to prove the offense charged included proof
of [a lesser-included offense].@  Ochoa
v. State, 982 S.W.2d 904, 908 (Tex. Crim. App.
1998); Cunningham, 726 S.W.2d at 155.

As
discussed above, appellant=s conduct and the surrounding circumstances support the
inference that appellant acted with the intent to arouse or gratify his sexual
desire.  Appellant=s
first point of error is overruled.

The
judgment of the trial court is affirmed.

 

/s/        Leslie
Brock Yates

Justice

 

Judgment rendered and Memorandum Opinion
filed July 3, 2003.

Panel consists of Justices Yates, Hudson,
and Edelman.