IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00196-CR

 

James D. McIntyre,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 28672CR

 



MEMORANDUM  Opinion










 

      McIntyre appeals his
conviction for indecency with a child by sexual contact as a lesser included
offense of sexual assault of a child against D. H.  See Tex. Penal Code Ann.
§ 21.11(a)(1), (c) (Vernon 2003), § 22.011(a)(2) (Vernon Supp.
2006).  We affirm.

      Sufficiency of the
Evidence.  In McIntyre’s second and third issues, he contends that the
evidence that his sexual contact with the victim “was accompanied by a desire
to arouse or gratify the sexual desire of any person” was insufficient.  (See
Br. at 10, 13); Tex. Penal
Code Ann. § 21.11(c).  

      “The requisite specific intent
to arouse or gratify can be inferred from the defendant’s conduct and remarks
and all the surrounding circumstances.”  Villanueva v. State, 209 S.W.3d
239, 246 (Tex. App.—Waco 2006, no pet.); accord Abbott v. State, 196
S.W.3d 334, 340 (Tex. App.—Waco 2006, pet. ref’d); see Cunningham v. State, 726
S.W.2d 151, 154 (Tex. Crim. App. 1987).

      Legal Sufficiency.  In
McIntyre’s second issue, he contends that the evidence was legally
insufficient.  “The inquiry on review of the legal sufficiency of the evidence
to support a criminal conviction is whether, after viewing the evidence in a
light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.”  Powell
v. State, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006); accord Evans
v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); see Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).  “A ‘legal sufficiency of the
evidence review does not involve any weighing of favorable and non-favorable
evidence.’”  Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim. App.
2000) (quoting Cardenas v. State, 30 S.W.3d 384[, 389] (Tex. Crim. App.
2000)).  “[C]ourts reviewing all the evidence in a light favorable to the verdict
must assume jurors made all inferences in favor of their verdict if reasonable
minds could, and disregard all other inferences in their legal sufficiency
review.”  Evans at 165 n.27 (quoting City of Keller v. Wilson, 168
S.W.3d 802, 821 (Tex. 2005)).

      The State points primarily to
the following evidence.  D. H.’s mother testified that she opened the door
to D. H.’s bedroom and saw D. H. and McIntyre lying naked in
D. H.’s bed and “having sex,” D. H. on her back and McIntyre on top
of D. H.  (7 R.R. at 62.)  Police officers testified concerning short
pants that D. H. had been wearing that were recovered from the scene of
the offense.  The shorts had three semen stains: one on “[t]he front of the
crotch area,” one “in the back of the lower crotch,” and one “on the seam
above.”  (Id. at 31.)  D. H. testified that McIntyre was in her
bedroom on the night of the offense.  When asked whether she “had sex” with
McIntyre, D. H. testified that it “[d]epends.”  (Id. at 84.) 
D. H. testified that the semen on the shorts “would [not] have come from
someone other than” McIntyre.  (Id. at 91.)  D. H. testified that
McIntyre was lying on top of her body, with McIntyre’s “chest on [D. H.’s]
chest,” “the lower part of his abdomen on [her] abdomen,” and “his penis
. . . laying against [her] body.”  (Id. at 103.)  D. H.
believed that “[s]ex” was “about to happen,” but that she and McIntyre were
interrupted by D. H.’s mother.  (Id.)  McIntyre contends that the
evidence of contact was only “incidental.”  (Br. at 12.)

      After viewing the evidence in
the light most favorable to the verdict, we hold that a rational jury could
have found beyond a reasonable doubt that McIntyre acted with the intent to
arouse or gratify his sexual desire.  The evidence was legally sufficient.  We
overrule McIntyre’s second issue.

      Factual Sufficiency.  In
McIntyre’s third issue, he contends that the evidence was factually
insufficient.  “There is only one question to be answered in a factual
sufficiency review: Considering all of the evidence in a neutral light, was a
jury rationally justified in finding guilt beyond a reasonable doubt?”  Watson
v. State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006) (quoting Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004), overruled in part on
other grounds, Watson at 405); accord Prible v. State, 175 S.W.3d
724, 730-31 (Tex. Crim. App.), cert. denied, 126 S. Ct. 481
(2005).  “We set aside the verdict only if the evidence is so weak that the
verdict is clearly wrong and manifestly unjust, or the contrary evidence is so
strong that the standard of proof beyond a reasonable doubt could not have been
met.”  Prible at 731; accord Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000); see Zuliani v. State, 97 S.W.3d 589, 595 (Tex.
Crim. App. 2003); see also Watson at 414-15.  “A clearly wrong and
unjust verdict occurs where the jury’s finding is ‘manifestly unjust,’ ‘shocks
the conscience,’ or ‘clearly demonstrates bias.’”  Prible at 731
(quoting Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997)).  “[A]n appellate court must first be able to say, with some objective
basis in the record, that the great weight and preponderance of the
. . . evidence contradicts the jury’s verdict before it is justified
in” reversing for factual insufficiency of the evidence.  Watson at 417.

      McIntyre
argues as follows, pointing, he contends, to evidence contrary to the verdict:

[A]ppellant was lying still and not moving
around, or grinding against [D. H].  D.H. was still clothed while this was
going on, and she could not remember whether appellant was clothed or not. 
While she thought they were going to have sex, appellant never made any
statement which suggested that was his belief also.

(Br. at 15.)

      Considering the evidence in a
neutral light, we hold that the jury was rationally justified in finding beyond
a reasonable doubt that McIntyre acted with the intent to arouse or gratify his
sexual desire.  The evidence was factually sufficient.  We overrule McIntyre’s
third issue.

      Lesser Included
Instruction.  In McIntyre’s first issue, he contends that the trial
court erred in instructing the jury on the lesser included offense of indecency
with a child.  McIntyre argues concerning the proof of the manner and means of
the sexual assault of or indecency with a child.

      “Our first duty in analyzing a jury-charge issue
is to decide whether error exists.  Then, if we find error, we analyze that
error for harm.  Preservation of charge error does not become an issue until we
assess harm.”  Ngo v. State, 175 S.W.3d 738, 743-44 (Tex. Crim. App.
2005) (internal footnotes omitted) (quoting Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985) [(op. on reh’g)] & Bluitt v. State, 137
S.W.3d 51, 53 (Tex. Crim. App. 2004)).

      In determining whether “a
lesser-included offense instruction” must “be included in the jury charge,” the
first prong of the analysis is whether “the requested charge is for a
lesser-included offense of the charged offense.”  Guzman v. State, 188
S.W.3d 185, 188 (Tex. Crim. App. 2006) (quoting Hayward v. State, 158
S.W.3d 476, 478 (Tex. Crim. App. 2005)).  “[W]e must first compare the elements
of the charged offense (before any evidence is offered at trial) with the
elements of the lesser offense that might be added to the jury charge.  If that
offense is a lesser-included offense of the charged offense as it is modified
by the indictment allegations,” that “prong of the test is met.”  Guzman at
188.  “We then compare the elements of both offenses to determine whether, in
proving” the greater offense “as it was alleged in the indictment, the State
necessarily had to prove all of the elements of” the lesser offense, “plus
something more.”  Id.; see Jacob v. State, 892 S.W.2d 905,
907-909 (Tex. Crim. App. 1995).  As McIntyre argues, “whether an offense is a
lesser included [offense] is determined by the facts that must be established
to sustain a conviction, and not the facts actually presented.”  (Br. at 8 (citing Jacob at 905).)    

      The
elements of indecency with a child are that:

      A person commits an offense if, with a
child younger than 17 years and not the person’s spouse, whether the child is
of the same or opposite sex, the person:

      (1)  engages in sexual contact
with the child or causes the child to engage in sexual contact; or

      (2)  with intent to arouse or
gratify the sexual desire of any person:

     (A)  exposes the person’s anus
or any part of the person’s genitals, knowing the child is present; or

     (B)  causes the child to expose the child’s
anus or any part of the child’s genitals.

Tex. Penal
Code Ann. § 21.11(a).  In
Section 21.11, 

“sexual contact” means the following acts, if
committed with the intent to arouse or gratify the sexual desire of any person:

      (1)  any touching by a person,
including touching through clothing, of the anus, breast, or any part of the
genitals of a child; or

      (2)  any touching of any part of the body
of a child, including touching through clothing, with the anus, breast, or any
part of the genitals of a person.

Tex. Penal
Code Ann. § 21.11(c).  The
indictment alleged that McIntyre “intentionally or knowingly cause[d] the
penetration of the sexual organ of D. H., a child who was . . .
younger than 17 years of age and not the spouse of [McIntyre], by [McIntyre]’s
sexual organ.”  (1 C.R. at 2.)

      In proving sexual assault as
alleged in the indictment, the State would have had to prove that McIntyre
caused the penetration of the sexual organ of D. H. by McIntyre’s sexual
organ.  In order to prove indecency with a child, the State might have proved
that McIntyre engaged in sexual contact with D. H. by touching any part of
the body of D. H. with any part of the genitals of McIntyre.  Proof of the
former includes proof of the latter, plus more, namely penetration.  The trial
court did not err in instructing the jury on the lesser included offense of indecency
with a child.  We overrule McIntyre’s first issue.

      Having
overruled McIntyre’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Affirmed

Opinion delivered and filed March 21, 2007

Do not publish

[CRPM]






23(a): 

(1) The evidence heard by the jury must raise an
issue of fact;

 

(2) The evidence on that fact must be
affirmatively contested; and

 

(3) That contested factual issue must be material
to the lawfulness of the challenged conduct in obtaining the evidence. 

 

Id. at 510.

            The only question is whether under the
facts of a particular case an issue has been raised by the evidence so as to
require a jury instruction.  Id.  (quoting Murphy v. State, 640
S.W.2d 297, 299 (Tex. Crim. App. 1982)).  There must be a genuine dispute about
a material fact.  Id. at 510.  If there is no disputed factual issue,
the legality of the conduct is determined by the trial judge alone, as a
question of law.  Id.  And if other facts, not in dispute, are
sufficient to support the lawfulness of the challenged conduct, then the
disputed fact issue is not submitted to the jury because it is not material to
the ultimate admissibility of the evidence.  Id.  The disputed fact must
be an essential one in deciding the lawfulness of the challenged conduct.  Id. at 511.  Where no issue is raised by the evidence, the trial court acts properly
in refusing a request to charge the jury.  Id. at 510 (quoting Murphy,
640 S.W.2d at 299).

            The fact issue that Noland claims, on
appeal, was disputed was whether McSpadon’s ability to look through the files
of Noland’s computer was limited by Noland.  Even if this was a disputed fact
issue, which we do not determine, this fact is not material to the ultimate
admissibility of the evidence because there was another fact not in dispute
which was sufficient to support the lawfulness of the search.  That fact is
Noland’s voluntary admission that the pornography on his computer was illegal. 
No other testimony disputed this admission.  Therefore, the trial court did not
err in refusing the requested jury charge.

            Noland’s second issue is overruled.

Conclusion

            Having overruled Noland’s issues on
appeal, we affirm the trial court’s judgment.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed June 24, 2009

Do
not publish 

[CR25]









[1] Both
the search of the computer and the search of Noland’s residence were conducted with
a warrant, not without a warrant.

 





[2] By
the time of the trial court’s decision on the motion to suppress, the search
warrant had been introduced into evidence.  However, the affidavit supporting
the warrant had not yet been admitted.





[3] Tex. Code Crim. Proc. Ann. art. 38.23
(Vernon 2005).