**Danny Howard ELDER, Appellant**

v.

**The STATE of Texas, State.**

No. 2–02–248–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 12, 2004.

Tim B. Copeland, Abilene, for appellant.

Stephen E. Bristow, Dist. Atty., Graham, for appellee.

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

Danny Howard Elder appeals his conviction for aggravated sexual assault of a child. In four points, he complains that his trial for the charged offenses violated the Double Jeopardy Clause, that the evidence is legally and factually insufficient to sustain his conviction, and that the trial court erroneously admitted hearsay evidence from a person who was not an outcry witness. We will affirm in part and vacate and dismiss in part as jeopardy barred.

### Background Facts & Procedural History

Appellant was originally indicted for indecency with a child (K.H.) by contact that allegedly occurred on November 21, 1998. After a jury was impaneled and trial had begun, the trial court granted appellant a three-week continuance due to a medical emergency. The jury remained empaneled. On the day trial was scheduled to resume, the State indicted appellant in the present case for aggravated sexual assault of K.H. on November 21, 1998. A week later, the State moved to dismiss the first case based on excess publicity, and the trial court granted the motion and dismissed the jury.

Before trial in the present case, appellant filed a special plea of double jeopardy, seeking dismissal of the aggravated sexual assault charges based on double jeopardy

grounds. The trial court overruled appellant's plea. After a trial, the jury found appellant guilty of both counts and assessed his punishment at life imprisonment and a $10,000 fine for each offense.

## Double Jeopardy

■ In his first point, appellant contends that his trial for aggravated sexual assault was jeopardy barred because the indecency by contact offenses, which were dismissed after jeopardy had attached, were lesser included offenses of the aggravated sexual assault offenses charged in this case. The State concedes that jeopardy had attached as to the indecency offenses, but asserts that those offenses were different from the aggravated sexual assault offenses.

■ The Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against both successive punishments and successive prosecutions for the same offense. *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556 (1993).[1] Greater inclusive and lesser included offenses can be the same offense for jeopardy purposes. *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977); *Parrish v. State*, 869 S.W.2d 352, 354 (Tex.Crim.App.1994). Thus, where the evidence shows that the defendant committed only one act that could be used to prove both a greater inclusive and a lesser included offense, the defendant cannot be convicted of both offenses. *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim.App.1998). Indecency with a child by touching the child's genitals can be a lesser included offense of aggravated sexual assault of a child by penetrating the child's sexual organ if the same act is used to prove both the touching and the pen-

etration. *Id.; DeMoss v. State*, 12 S.W.3d 553, 561 (Tex.App.-San Antonio 1999, pet. ref'd); *Hutchins v. State*, 992 S.W.2d 629, 632 (Tex.App.-Austin 1999, pet. ref'd, untimely filed).

The record in this case shows that appellant was charged with violating four different statutory provisions on November 21, 1998: two in the first indictment (indecency by contact) and two in the second (aggravated sexual assault). The indecency offenses required proof of the following facts:

●appellant engaged in sexual contact with K.H. by touching her genitals (count one) and breast (count two);

●with intent to arouse or gratify the sexual desire of any person; and

●K.H. was a child under 17 and not appellant's spouse.

*See* TEX. PENAL CODE ANN. § 21.11(a)(1), (c) (Vernon 2003).

The aggravated sexual assault offenses required proof of the following facts:

●appellant intentionally or knowingly;

●caused the penetration of K.H.'s mouth by appellant's sexual organ (count one) and the penetration of K.H.'s sexual organ by appellant's mouth (count two); and

●K.H. was a child under 14 and not appellant's spouse.

*See id.* § 22.021(a)(1)(B)(i)-(ii), (2)(B), (b) (Vernon Supp.2004).

The record also shows that the State used the same acts to prove both the first indecency by contact count and the second aggravated sexual assault count. At the first trial, Patricia Remington, a case manager, testified that K.H. told her appellant had touched her vaginal area with his hand

---

1. The Double Jeopardy Clause provides that no person shall "be subject for the same of-

fence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.

and penis and had also licked her vaginal area. According to Remington, K.H. said that these things occurred in a van at appellant's house, once when she was wearing a shirt and shorts and another time when she was wearing a blue dress with a watering can on it. Remington testified that K.H. said these things happened in January 1999, but that facts later developed showing that they may have occurred in November 1998.

At the second trial (this case), Remington again testified that K.H. told her appellant had licked her vaginal area while in the van and that K.H. had described two incidents—one when she was wearing a blue dress with a watering can on it and one when she was wearing a shirt and pants or shorts K.H. testified that appellant had touched her on her vaginal area with his hand and mouth.[2] She testified that the first time it happened she was wearing a dress, and the second time she was wearing a shirt and pants. K.H.'s mother testified that the incidents occurred in November 1998.

■ Based on this record, we hold that the first indecency by contact count was a lesser included offense of the second aggravated sexual assault count; the State

clearly used the same acts by appellant to prove both offenses. Further, touching the female sexual organ with the intent to arouse or gratify sexual desire is a lesser included species of conduct of the intentional or knowing penetration of the female sexual organ. *Ochoa*, 982 S.W.2d at 910 (Keller, J., concurring);[3] *accord Cunningham v. State*, 726 S.W.2d 151, 155 (Tex.Crim.App.1987) (noting that, while aggravated sexual assault statute does not require specific intent to arouse or gratify sexual desire, the legislature has recognized that penetration may show such intent). Therefore, the two offenses were the same offense for double jeopardy purposes, and the State was not entitled to seek convictions for both. *Brown*, 432 U.S. at 169, 97 S.Ct. at 2227; *Ochoa*, 982 S.W.2d at 908; *Parrish*, 869 S.W.2d at 354. Further, because appellant neither requested nor consented[4] to the dismissal of the first indictment, he could not later be prosecuted for the second aggravated sexual assault count unless dismissal of the first indictment was based on manifest necessity. *Chvojka v. State*, 582 S.W.2d 828, 830 (Tex.Crim.App. [Panel Op.] 1979). There is no evidence in the record that the dismissal here was manifestly necessary;[5]

---

**2.** At both trials, Remington or K.H. also testified that appellant had touched her breasts with his hand and mouth. This evidence pertained only to count two of the indecency by contact indictment. That count is not at issue in this appeal because touching the breast is not an element of aggravated sexual assault and was not alleged in the second indictment. TEX. PENAL CODE ANN. § 22.021(a)(1)(B).

**3.** The age element of the indecency and aggravated sexual assault statutes is not an issue in this case; K.H. was only nine years old when she testified at the second trial in June 2002. *See id.* (stating that "a child under age seventeen" in indecency statute is logically a lesser included fact of the element "a child under age fourteen" in aggravated sexual assault statute) (Keller, J., concurring).

**4.** The State points out that appellant never objected to the dismissal; however, retrial is jeopardy barred unless the defendant *consented* to the dismissal. *Green v. United States*, 355 U.S. 184, 188, 78 S.Ct. 221, 224, 2 L.Ed.2d 199 (1957); *Alvarez v. State*, 864 S.W.2d 64, 65 (Tex.Crim.App.1993).

**5.** There is no evidence what the "excess publicity" was that precipitated the State's motion to dismiss the first indictment. The prosecutor simply stated before the second trial that appellant had written a letter to a newspaper editor, but there is no evidence that this actually occurred or that the amount of publicity generated by the letter made dismissal manifestly necessary.

accordingly, appellant's double jeopardy rights were violated when he was prosecuted for the second aggravated sexual assault offense.

■ Appellant's double jeopardy rights were not, however, violated by the prosecution for the first aggravated sexual assault offense. The first count of aggravated sexual assault alleged that appellant had caused the penetration of K.H.'s mouth by appellant's sexual organ. Neither of the indecency counts alleged in the first indictment—touching K.H.'s genitals or breast—is a lesser included offense of this type of aggravated sexual assault, and the State did not present any evidence to support this count until the second trial. *See Vick v. State,* 991 S.W.2d 830, 833 (Tex.Crim.App.1999) (holding that, where indictment alleged separate and distinct violations of aggravated sexual assault statute that could only be proven by different conduct, offenses were separate and distinct for double jeopardy purposes); *accord Lopez v. State,* 108 S.W.3d 293, 300 n. 28 (Tex.Crim.App.2003) (noting that actor can be prosecuted for separate violations of sexual assault statute based on different acts that occur in same transaction).

For all of the foregoing reasons, we sustain appellant's first point as it pertains to his prosecution for the second aggravated sexual assault count—penetration of K.H.'s sexual organ by his mouth. We overrule the remainder of appellant's first point.

### Legal & Factual Sufficiency

■■ In his second and third points, appellant challenges the legal and factual sufficiency of the evidence to support his conviction for aggravated sexual assault. He contends that the State failed to prove beyond a reasonable doubt that he caused the penetration of K.H.'s mouth by his sexual organ,[6] because the only testimony concerning penetration was equivocal or in response to leading questions from the State. Appellant also infers that K.H.'s testimony was unreliable because the incident was not reported for several months and K.H. remembered appellant driving her home after the assault, but other witnesses testified that appellant's wife drove her home.

K.H.'s mother, Kayla, explained that she did not report the assault because she "had no intentions of putting [K.H.] through all this crap." Eventually, however, K.H.'s maternal grandmother, who was appellant's neighbor, reported the assault because appellant allegedly told her he was building a bomb in order to kill Kayla.

Remington testified that K.H. told her "that [appellant]—that he had put his— and I believe she said weiner in her mouth. And I asked her what that was like and she said like a big fat worm." Initially, K.H. testified that appellant touched her only with his hand. In response to the prosecutor's questioning, however, K.H. testified that appellant put his "weiner," which was "soft," into her mouth. On cross-examination, K.H. reiterated, "[appellant] touched me with his hand and with his weiner." The nurse who examined K.H. also testified that K.H. told her appellant had put his "weiner" into her mouth.

Applying the appropriate standards of review,[7] we hold that this evidence is legal-

---

6. Because we have held that the State was barred from prosecuting appellant for allegedly penetrating K.H.'s sexual organ, we do not consider appellant's sufficiency challenge as to that offense.

7. When reviewing the legal sufficiency of the evidence to support a conviction, we review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essen-

ly and factually sufficient to establish that appellant caused the penetration of K.H.'s mouth by his sexual organ. The jury, as trier of fact, was free to weigh the evidence and resolve any conflicts in the witnesses' testimony, and the proof of appellant's guilt does not undermine confidence in the jury's verdict. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Johnson*, 23 S.W.3d at 11. We overrule appellant's second and third points.

### Outcry Witness

In his fourth point, appellant complains that the trial court improperly overruled his hearsay objection and allowed Remington to testify as the outcry witness because Remington was not the first person K.H. told about the assault. Appellant contends that the proper outcry witness in this case was K.H.'s mother, not Remington.

■ Hearsay is not admissible except as provided by statute or the rules of evidence. TEX.R. EVID. 802; *Long v. State*, 800 S.W.2d 545, 547 (Tex.Crim.App.1990). Article 38.072 provides that hearsay statements made by a child victim that describe the alleged offense are admissible as substantive evidence if the statements: (1) were made by the child against whom the offense was allegedly committed; and (2) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. TEX.CODE CRIM. PROC. ANN. art. 38.072, § 2(a) (Vernon Supp. 2004); *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex.Crim.App.1991). To constitute outcry evidence, the child's statement must be more than a general allegation of sexual abuse; it must describe the offense in

some discernable manner. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex.Crim.App. 1990); *Reed v. State*, 974 S.W.2d 838, 841 (Tex.App.-San Antonio 1998, pet. ref'd); *Schuster v. State*, 852 S.W.2d 766, 768 (Tex.App.-Fort Worth 1993, pet. ref'd). The trial court has broad discretion in deciding whether a witness qualifies as an outcry witness; however, the proper outcry witness is not to be determined by comparing statements the child gave to different individuals and then deciding which person received the most detailed statement about the offense. *Broderick v. State*, 35 S.W.3d 67, 73 (Tex.App.-Texarkana 2000, pet. ref'd); *Reed*, 974 S.W.2d at 841.

■ In this case, the trial court conducted an in camera hearing to determine who was the outcry witness. At the hearing, K.H.'s mother, Kayla, testified that, when she first came home from visiting appellant and his wife, K.H. had told her appellant had "stuck his weenie" into her mouth, had "licked her privates" and told her "boys can do that," and had touched her breast. Kayla further testified that K.H. had reported, in response to Kayla's questioning, that appellant had taken pictures of her with her panties off, and she had left her panties in the van. These statements by K.H. were more than a mere allusion that something in the area of child abuse was occurring; they were sufficient to describe the charged offense in a discernable manner. Although Kayla testified that K.H. did not tell her several things that K.H. had told Remington, including that appellant had put his hand on K.H.'s vagina and that K.H. had taken her dress completely off, the proper outcry

---

tial elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Burden v. State*, 55 S.W.3d 608, 612 (Tex.Crim.App.2001). In reviewing the factu-

al sufficiency of the evidence, we review all the evidence in a neutral light, favoring neither party. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000); *Clewis v. State*, 922 S.W.2d 126, 129, 134 (Tex.Crim.App.1996).

witness is not to be determined based on the person to whom the child gave the most detailed statement. *Broderick*, 35 S.W.3d at 73. Accordingly, we hold that the trial court abused its discretion by designating Remington as the outcry witness. *See id.; Reed*, 974 S.W.2d at 841.

 We must now consider whether the trial court's error was harmful. Because the admission of inadmissible hearsay is nonconstitutional error, we disregard the error if it did not affect appellant's substantial rights. Tex.R.App. P. 44.2(b); *Moon v. State*, 44 S.W.3d 589, 594–95 (Tex.App.-Fort Worth 2001, pet. ref'd); *see also Broderick*, 35 S.W.3d at 74 (applying Rule 44.2(b) harm analysis to admission of hearsay testimony from erroneously designated outcry witness). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)); *Coggeshall v. State*, 961 S.W.2d 639, 643 (Tex.App.-Fort Worth 1998, pet. ref'd) (en banc). In making this determination, we review the record as a whole. *Kotteakos*, 328 U.S. at 764–65, 66 S.Ct. at 1248. The admission of inadmissible evidence can be rendered harmless if the same or similar evidence is introduced without objection elsewhere during trial. *Willis v. State*, 785 S.W.2d 378, 383 (Tex. Crim.App.1989), *cert. denied*, 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 234 (1990); *Broderick*, 35 S.W.3d at 75.

Appellant contends that he was harmed by Remington's testimony because she both corroborated K.H.'s testimony and gave details concerning the assault that K.H. did not, such as what K.H. said she was wearing, what the location of the assault looked like, and what photographs K.H. said were located where the assault had occurred.

At trial, K.H. testified that appellant had done "all kinds of sex things" to her in a brown and white motor home in his backyard. K.H. testified that appellant had touched her "twat" [8] and "titties" with his hand and mouth and that he had put his "weiner," which was soft, into her mouth. K.H. further testified that there were pictures of girls—both clothed and naked—on the wall at the far end of the motor home and that appellant had photographed both himself and her, while naked, with a camera that would immediately produce pictures with the push of a button. K.H. testified that appellant had stuffed the photos of himself and of K.H. above a board that was hanging down from the motor home's ceiling.

Remington testified that K.H. told her appellant had put his "weiner," which was like a big fat worm, in her mouth and had licked her "twat." Remington further testified that K.H. had told her the assault occurred in an immovable brown van by appellant's home; that appellant had taken photographs of himself and K.H., including her "twat" and "butt," with a polaroid camera and put them in a cut out place in the roof of the van; and that there were also photos of naked and scantily-clad women in the van. Remington also testified that K.H. said she had worn a blue dress with a watering can on it on the date of one assault and a shirt and pants or shorts on the date of another assault.

Paige McFall, the investigator who investigated the assault, testified to much of this same information without objection.[9]

8. Remington testified that K.H. referred to her vagina as her "twat."

9. Initially, appellant objected to McFall testifying, without elaboration, that K.H. had "described" some photos. Appellant did not,

McFall testified that, as part of a multidisciplinary team, she had observed Remington's interview of K.H. and then conducted an investigation and executed a search warrant based on what she had learned during the interview. McFall testified that she had found a brown and white van consistent with K.H.'s description, which contained photographs that K.H. had described during the interview. Two of the photos were of skimpily-clad women posed exactly as K.H. had described. McFall testified that finding this evidence as K.H. had described it was very important because it showed both that K.H. had been in appellant's van and that her account of the incident was credible. Photographs of the van and the photos were admitted without objection, as was a picture drawn by K.H. that had been found in the van. McFall did not, however, find any naked photographs of K.H.

McFall further testified that, in appellant's home, she had found photographs of people that K.H. had described depicting various sexual acts. She also testified that she found a photograph, which K.H. had described, of K.H. in a blue dress with a watering can on it. This photograph was admitted without objection. McFall also testified that she had interviewed appellant's wife, who said that K.H. had left her underwear at appellant's residence on the date of the assault and that appellant had retrieved them from "outside" at his wife's request. Finally, McFall testified that appellant's wife had said appellant was taking medication that made him impotent, which also corroborated part of K.H.'s statement.

Kayla, K.H.'s mother, testified that K.H. had come home from visiting appellant without her panties on. According to Kay-la, appellant's wife was "rather shocked" to learn this, but eventually retrieved the underwear from appellant. Kayla also confirmed that, on the date in question, K.H. had been wearing a blue dress with a watering can on it, as depicted in the photograph admitted into evidence. In addition, Sue Scibeck, the nurse practitioner who examined K.H., testified without objection that K.H. had told her that "Danny ... put his mouth on my twat ... and he put his weiner in my mouth."

Having reviewed the record as a whole, we cannot say that allowing Remington to testify as the outcry witness had a substantial and injurious effect on the jury. Evidence the same as or similar to virtually all of Remington's testimony was admitted through several other witnesses without objection. Accordingly, we disregard the trial court's error in admitting Remington's testimony. *See* Tex.R.App. P. 44.2(b). We overrule appellant's fourth point.

**Conclusion**

Having disposed of all of appellant's points, we affirm the trial court's judgment as to count one of the indictment—aggravated sexual assault by the penetration of K.H.'s mouth with appellant's sexual organ. We vacate the trial court's judgment as to count two of the indictment—aggravated sexual assault by penetration of K.H.'s sexual organ with appellant's mouth—and dismiss that count as jeopardy barred.

however, object to most of the remainder of McFall's testimony, including that detailed herein.