NO. 07-03-0227-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 19, 2004

_____


CEDRIT BENARD JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 258TH DISTRICT COURT OF POLK COUNTY;

NO. 16,870; HONORABLE STAN PEMBERTON, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**


Appellant Cedrit Benard Johnson appeals his conviction for the felony offenses of indecency with a child and aggravated sexual assault and punishment, assessed by the trial court, at 25 years confinement for each offense. We will affirm.

Appellant was charged by an indictment containing two counts alleging that on November 24, 2001 he committed the offense of aggravated sexual assault by digital

penetration of the sexual organ of a child younger than 14 years of age, and committed the offense of indecency with a child by touching the genitals of the same child. The indictment also contained an enhancement paragraph alleging a prior felony conviction. Appellant, represented by appointed counsel, was found guilty by a jury over his plea of not guilty.

Appellant's appointed counsel on appeal has filed a motion to withdraw and brief stating his belief that the appeal presents no meritorious issues and is frivolous. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This brief consists of a short recitation of the procedural history of the case, quotations from the testimony of the main witnesses, and citation to the applicable provisions of the Penal Code. The brief does not discuss any potential complaints on appeal or why they would not show reversible error.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If, after reviewing the briefs submitted by appellant and his counsel, this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). The brief in support of a motion to withdraw is a device for assuring that the indigent defendant's constitutional rights have been "scrupulously honored." *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 444, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). Such briefs should provide us

"with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability." *Johnson v. State*, 885 S.W.2d 641, 646 (Tex.App.–Waco 1994, pet. ref'd) (citing *McCoy*). Counsel has provided a copy of his brief to appellant and informed appellant of his right to file a pro se brief. Appellant has filed his own brief presenting two issues which he contends show reversible error. The State has not responded to either brief.

The first issue in appellant's pro se brief is that he was denied effective assistance of counsel. In his second issue appellant contends he was denied due process. Many of the arguments are common to both issues and we will address each argument in turn. The standards by which the effectiveness of counsel is reviewed are set out in the seminal case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show trial counsel was ineffective, a claimant must establish two elements: 1) that his counsel's performance was deficient, and 2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The first component is met by showing that trial counsel made errors so significant that he was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. *Id.* The second component necessitates a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, *i.e.*, a trial whose result is reliable. *Id.* A claimant must show that, but for counsel's errors, there is a reasonable probability that the result of the trial would have been different. *Id.* at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* A claim of

ineffective assistance of counsel must be affirmatively supported by the record. *Tabora v. State*, 14 S.W.3d 332, 336 (Tex.App.--Houston [14th Dist.] 2000, no pet.).

Appellant alleges four deficiencies of his trial counsel which he argues show counsel's performance was deficient. He contends counsel failed to communicate with him before trial, failed to properly investigate the case, failed to inform him of the effect of a decision to testify at trial, and failed to preserve errors for review.

Appellant does not point to anything in the record to support his contentions his attorney failed to communicate with him, conduct an investigation, or prepare him for trial. The record does show he was released on bond during the eighteen months between his arrest and trial. There is no indication appellant made efforts to contact his appointed attorney or that the attorney failed to respond to any such efforts. The record contains no information concerning the time or effort appellant's counsel devoted to trial preparation. The only defensive issue he urges that trial counsel failed to investigate or develop at trial was that the complainant's father was angry at appellant because he had failed to get drugs the father had requested. The record does not support this contention. At trial appellant denied the accusations against him and, when asked why the family members were making the allegations, testified he did not know. He did not make any reference to a prior request that he purchase drugs. Appellant does not allege he brought his ineffective assistance claims to the attention of his appointed appellate attorney or that attorney failed to seek a new trial and obtain a hearing where evidence on these claims could be presented. *See* Tex. R. App. P. 21.2. The only evidence in the record relevant to these claims appears before appellant's testimony at trial. At that time the trial court

asked appellant, out of the presence of the jury, if he was "satisfied with the representation you received from Mr. Brown in this case so far?" Appellant responded that he was.

Appellant next argues his trial counsel's failure to object to conflicting testimony presented by the State was ineffective assistance. He also alleges his counsel was deficient in failing to object on the basis the testimony was perjury. Consideration of this contention requires a brief factual recitation. Appellant is a cousin of Stephany, the complainant's mother. Stephany is married to Vincent, the complainant's father. On November 23, 2001, that couple, appellant, and other extended family members were at a relative's house. Appellant asked if Stephany and Vincent wanted to go to their house to drink alcohol. They agreed and appellant brought "bootleg" beer and gin to the house where they drank and talked together with Stephany's father and his girlfriend. During the evening the complainant and two of her sisters went to bed in their room. After midnight, appellant decided he could not drive safely and wanted to take a nap before leaving. He went to lay on the floor in the girls' bedroom.

About an hour later Vincent heard a thump in the bedroom and went to investigate. On entering the room, he testified, he saw the complainant lying on the floor next to appellant and she was wearing only her top. According to Vincent appellant's pants were pulled down to his knees but he was still wearing his underwear. Stephany testified that appellant's "shorts was down to his knees." The complainant testified while she was asleep appellant pulled her off the bed onto the floor with him. In response to leading questions the complainant agreed that appellant removed her shorts and underwear and inserted his

finger in her "private." She testified appellant got on top of her and she felt his "private" press against her "private." She did not know if appellant ever removed his underwear.

Appellant argues his trial counsel should have objected to the conflict in the testimony between Vincent and Stephany concerning his state of dress, and that the conflict establishes his conviction was obtained through the use of false testimony. We cannot agree. Conflicting testimony of two witnesses to the same event does not establish either statement was made knowing it was false. *Compare* Tex. Pen. Code Ann. § 37.06 (Vernon 2003) (inconsistent statements of same witness, both of which cannot be true, as perjury). Nor do conflicts between witnesses' testimony destroy the sufficiency of the evidence. *Jimenez v. State*, 67 S.W.3d 493, 505 (Tex.App.--Corpus Christi 2002, pet. ref'd). It is the exclusive province of the jury to evaluate the credibility of the witnesses and resolve conflicting testimony. *Id.*; *see* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex.Crim.App. 1995). The jury may believe one witness and refuse to believe another, and may accept parts of a witness's testimony and reject other parts. *See Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim.App. 1986). Trial counsel's failure to raise an objection to the conflict between Vincent's and Stephany's versions of the events is not evidence of deficient performance.[1] Moreover, the parent's conflicting testimony did not establish any element of the offenses with which appellant was charged. *See* Tex. Pen. Code Ann. §§ 21.11, 22.021(a) (Vernon 2003 & Supp. 2004).

---

[1] Even if there had been some basis to object to the testimony, a decision by counsel could be a reasonable trial strategy. Conflicts in the prosecution's evidence may weaken the State's case and work to a defendant's benefit.

Appellant also asserts his trial counsel failed to advise him that if he chose to testify, the State could use his prior conviction to enhance his sentence. This allegation fails to show deficient performance by counsel because it is not an accurate statement of the law. Appellant was charged with a first degree felony and a second degree felony. Section 12.42 of the Penal Code authorizes the use of a prior felony conviction to enhance punishment of a felony conviction. *See* Tex. Pen. Code Ann. §12.42(b), (c) (Vernon 2003). Those enhancement provisions apply without regard to whether the defendant testifies at trial. *Id.* We find no merit in the issues raised in appellant's pro se brief and overrule them.

We have also made an independent examination of the record to determine whether there are any arguable grounds which might support an appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). It does reveal one issue that merits some discussion. Count one of the indictment alleged appellant "intentionally or knowingly cause[d] the penetration of the female sexual organ" of the victim on November 24, 2001. Count two alleged he "engage[d] in sexual contact by touching the genitals" of the same victim on the same date. Indecency with a child by touching the child's genitals can be a lesser included offense of aggravated sexual assault of a child by penetrating the child's genitals if the same act is used to prove both the touching and the penetration. *Elder v. State*, 132 S.W.3d 20, 23 (Tex.App.--Fort Worth 2004, pet. ref'd). *See also Vick v. State*, 991 S.W.2d 830, 834 n.2 (Tex.Crim.App. 1999). Therefore, the face of the indictment raises a question whether constitutional protections against double jeopardy are implicated.

In *Vick*, the Court of Criminal Appeals considered a case in which a defendant was acquitted of aggravated sexual assault based on an allegation of penetration of the victim's sexual organ. 991 S.W.2d at 831. The defendant was indicted a second time, by an indictment alleging, in two counts, two different means of committing the offense. *Id.* The court agreed the defendant's prosecution under the first count, alleging contact, likely was barred. *Id.* at 834 n.2. It held the second count alleged a different offense than the indictment from which he was acquitted, arose from a separate act in the same transaction, and was not barred. *Id.* at 834. Here, the evidence shows each count of the indictment alleged offenses based on independent physical acts and do not implicate the risk of double jeopardy.

Finding no meritorious issues that could support an appeal, we grant counsel's motion to withdraw and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.