

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00417-CR

**JOHN MARCUS LEOS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2012-1350-C2**

## MEMORANDUM OPINION

John Marcus Leos was indicted on three counts of aggravated sexual assault of a child and three counts of indecency with a child. The State abandoned two of the indecency with a child counts after the presentation of all of the evidence. The jury convicted Leos of three counts of aggravated sexual assault of a child and assessed his punishment at 99 years confinement and a $10,000.00 fine for each count. The jury convicted Leos of one count of indecency with a child and assessed his punishment at

20 years confinement and a $10,000.00 fine.  The trial court ordered the sentences to run consecutively.  We affirm.

In the first issue, Leos argues that the evidence is insufficient to support his conviction for aggravated sexual assault.  The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.  "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd* , 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted.  *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001).  And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination.  *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  Further, direct and circumstantial evidence are treated equally:  "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to

establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A defendant commits aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the sexual organ of a child younger than fourteen years of age by any means. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B) (West Supp.2013). Within the context of sexual assault, "penetration" of the female sexual organ occurs when there is "tactile contact beneath the fold of complainant's external genitalia." *Cornet v. State*, 359 S.W.3d 217, 226 (Tex. Crim. App. 2012). The act of "pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere external contact" and constitutes penetration for purposes of a sexual assault. *Cornet v. State*, 359 S.W.3d at 226. Contact that is more intrusive than contact with the outer vaginal lips amounts to penetration of the female sexual organ. *Id*.

Leos is C.P.'s step-father. Leos lived with his wife Brandy, her daughters S.P and C.P., and his daughter A.L. C.P. testified at trial that after her mom started working nights, Leos would come into her bedroom at night. C.P. said that Leos would get on his knees by her bed and that he touched her private with his finger. C.P. testified that Leos touched her private on the outside of her shorts and also inside of her panties. C.P. described in detail how Leos touched her private. Based upon C.P.'s testimony on pages 152 through 156 of volume 3 of the reporter's record, a reasonable juror could

find beyond a reasonable doubt that Leos committed the offense of aggravated sexual assault.

Dr. Ann Sims, Medical Director for the Advocacy Center, conducted an examination of C.P. During the examination, Dr. Sims described the female anatomy to C.P. Dr. Sims testified at trial that C.P. described the incident with Leos to her in detail using those terms for the female anatomy. Dr. Sims testified in detail on page 116 of volume 3 of the reporter's record specifically where and how C.P. stated that Leos touched her.

C.P. testified that Leos's finger went in between the outer lips of her vagina which is sufficient to constitute penetration. *See Cornet v. State*, 359 S.W.3d at 226. Dr. Sims's testimony provides further evidence of penetration. We find that the evidence is sufficient to support the convictions for aggravated sexual assault. We overrule the first issue.

In the second issue, Leos argues that because the State abandoned two indecency with a child counts, Counts 4 and 6 of the indictment, his convictions for aggravated sexual assault of a child in Counts 3 and 5 are barred by jeopardy. In the third issue, Leos argues that he could not be punished for both the Count 1 aggravated sexual assault of a child charge and the Count 2 indecency with a child charge because they are the "same offense." The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Ex parte Denton*, 399 S.W.3d 540, 545 (Tex. Crim. App. 2013).

Indecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act. *See Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009). Leos contends that because the State abandoned the lesser offenses of indecency with a child, it was barred by jeopardy from proceeding on the greater offense of aggravated sexual assault of a child citing *Elder v. State*, 132 S.W.3d 20 (Tex.App. – Fort Worth 2004, pet. ref'd) as authority.

In *Elder*, the defendant was originally indicted for the offense of indecency with a child. After a jury was impaneled and the trial had begun, the trial court granted the defendant a continuance due to a medical emergency. *Elder v. State*, 132 S.W.3d at 22. The jury remained impaneled. On the day trial was scheduled to resume, the State indicted the defendant for aggravated sexual assault. *Id*. A week later, the State moved to dismiss the charge of indecency with a child. *Id*. The motion was granted, and the jury was dismissed. *Id*.

The defendant was later tried and convicted by a different jury of the offense of aggravated sexual assault of a child. The Court found that the indecency with a child count was a lesser included offense of the aggravated sexual assault count and that the aggravated sexual assault conviction was barred by jeopardy. *Elder v. State*, 132 S.W.3d at 24-25.

We agree with Leos that jeopardy would bar a subsequent trial of the lesser included offense of indecency with a child. Double jeopardy bars a second prosecution after acquittal. *Ex parte Denton*, 399 S.W.3d at 545. However, double jeopardy does not prevent a conviction of the greater offense of aggravated sexual assault of a child based

upon the abandonment of the lesser offense of indecency with a child at the same trial. We overrule the second issue.

Leos next argues that the Count 1 aggravated sexual assault and the Count 2 indecency with a child are the "same offense" and double jeopardy precludes multiple punishments for the same offense. Indecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act. *See Evans v. State*, 299 at 143. Leos contends that because the indictment alleges that both Count 1 and Count 2 occurred on the same date, they are from the same incident.

Long-standing precedent holds that the State is not bound by the date alleged in the indictment as long as it proves the offense occurred within the period covered by the applicable statute of limitations. *Garcia v. State*, 981 S.W.2d 683, 685 (Tex. Crim. App. 1998); *Woodall v. State*, 376 S.W.3d 134, 140 (Tex.App.-Texarkana 2012, no pet.).

C.P. testified at trial that Leos touched her on four to five occasions. C.P. stated that Leos would come into her room and touch her sometimes on the outside of her clothes and sometimes underneath her panties. C.P. further testified that Leos touched her one time in her mother's room. There is evidence supporting a finding that Count 1 and Count 2 occurred during separate incidents. We do not find that Leos was punished multiple times for the same offense. We overrule the third issue.

In the fourth issue, Leos contends that he received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland*, Id. at 687, 104 S.Ct. 2052. and adopted by Texas two years later in *Hernandez v. State*, 726

S.W.2d 53, 57 (Tex.Crim.App.1986). Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Id.* at 687, 104 S.Ct. 2052. In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id*.

An appellate court must make a strong presumption that counsel's performance fell within the wide range of reasonably professional assistance. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). In order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation. *Id*. "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Lopez v. State*, 343 S.W.2d at 142-3. When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Lopez v. State*, 343 S.W.2d at 143. In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight. *Id*.

Leos complains that his trial counsel was ineffective in failing to object that double jeopardy prevented him from being punished for both Counts 1 and 2 in the indictment. Because we found that double jeopardy did not prevent punishment for both counts, trial counsel was not ineffective in failing to object.

Leos also complains that his trial counsel was ineffective in failing to object to testimony on the truthfulness of C.P. and testimony on his guilt. An expert witness may testify if her scientific, technical, or other specialized knowledge will assist the jury in determining a fact issue. TEX. R. EVID. 702. However, an expert witness' testimony must aid the jury and not supplant its determination. TEX. R. EVID. 704; *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997). Expert witness testimony concerning child sexual abuse does not aid the jury when it constitutes a direct opinion on the child victim's truthfulness and in essence, decides an ultimate fact issue for the jury. *Yount v. State*, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993). Expert witness testimony should only be admitted when it is helpful to the jury and limited to situations in which the expert's knowledge and experience on a relevant issue are beyond that of an average juror. *Williams v. State*, 895 S.W.2d 363, 366 (Tex. Crim. App. 1994). Expert witness testimony that a child victim exhibits elements or characteristics that have been empirically shown to be common among sexually abused children is relevant and admissible under Rule 702 because it is specialized knowledge that is helpful to the jury. *Gonzales v. State*, 4 S.W.3d 406, 417 (Tex.App.-Waco 1999, no pet.).

Leos complains of several instances during the testimony of Detective Jason Davis that he contends were improper statements on his guilt and C.P.'s truthfulness.

Several of the statements related to the procedures involved in investigating cases of sexual assault. The statements were not a comment on Leos's guilt, and trial counsel was not ineffective in failing to object. Several of the complained of statements concern characteristics common among sexually abused children. Those statements were admissible, and trial counsel was not ineffective in failing to object to those statements.

When asked whether C.P. was eager to talk about the offense and why that was important, Detective Davis responded: "When -- when a child reacts that way, when they're not willing to speak about what's going on, it makes me believe that the offense actually occurred." Leos's trial counsel did not object to the statement. Trial counsel conducted a thorough cross-examination of Detective Davis. Trial counsel questioned Detective Davis about his training in investigating cases involving sexual abuse of children. Trial counsel noted the lack of protocol in required training hours for investigating crimes involving children. He further questioned Detective Davis on the lack of any note in the report indicating C.P.'s demeanor at the time the offense was reported. Leos has not shown that trial counsel's actions were not based upon sound trial strategy. *See Lopez v. State*, 343 S.W.3d 137 (Tex. Crim. App. 2011).

Leos complains that his trial counsel should have objected to the questioning of Dr. Sims on whether there have been studies on what is a reliable indicator for whether or not abuse occurred. Dr. Sim's testimony in response to the questioning was not a comment on C.P.'s truthfulness, but rather an explanation of common practices in her field.

Leos further argues that his trial counsel was ineffective in failing to object when C.P.'s family members testified that she would have no reason to make up stories to get them in trouble and when C.P's sister testified that she believed C.P. We cannot say that trial counsel's decision on objecting to the testimony of C.P.'s family members was not based upon sound trial strategy. Leos has not shown that he received ineffective assistance of counsel. We overrule the fourth issue.

AL SCOGGINS
Justice

Before Chief Justice Gray,
   Justice Davis, and
   Justice Scoggins
Affirmed
Opinion delivered and filed October 16, 2014
Do not publish
[CR PM]

