

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00184-CR

_____

DAVID CARPIO GARIBAY JR., Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1755112

---

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant David Carpio Garibay Jr. was convicted on one count of aggravated sexual assault of a child and one count of indecency with a child by contact. On appeal, Garibay does not challenge his aggravated-sexual-assault conviction. Rather, he complains that his indecency conviction should be vacated because he was punished twice for the same offense in violation of his double-jeopardy rights. Because such error is not clearly apparent on the face of the record—given that the testimony described multiple acts of abuse over multiple days—we affirm.

## I. Background

Garibay does not challenge the evidence's sufficiency, so we need not recite the facts in detail. Briefly, M.E. and H.E. are sisters.[1] Growing up, they lived with their mother, who was then married to Garibay.

While in college, M.E. told her boyfriend about Garibay's sexually abusing her as a child, and her boyfriend encouraged her to talk about it with her sister and mother. M.E. spoke first with H.E. about Garibay's abuse, and H.E. shared that Garibay had also sexually abused her as a child. They then spoke with their mother and contacted the police, who began investigating.

---

[1] We use pseudonyms to protect M.E.'s and H.E.'s privacy. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process"); Tex. Code Crim. Proc. Ann. art. 58.152 (permitting the use of pseudonyms for sexual-assault victims).

Based on M.E.'s and H.E.'s allegations, the State charged Garibay in a seven-count indictment: one count alleging continuous sexual abuse of a child, four counts of aggravated sexual assault of a child, and two counts of indecency with a child by contact. At trial, both sisters testified about Garibay's sexual abuse. Ultimately, the jury found Garibay guilty on the following two counts: Count Five, which was for aggravated sexual assault (digital penetration of M.E.'s sexual organ), and Count Six, which was for indecency with a child by contact (engaging in sexual contact by touching M.E.'s genitals, including through her clothing). Otherwise, the jury found Garibay not guilty on the other five counts.

The jury assessed Garibay's punishment at 70 years' confinement with a $5,000 fine for the aggravated-sexual-assault conviction and 20 years' confinement for the indecency-by-contact conviction. The trial court sentenced him accordingly and ordered that the sentences would run concurrently.

## II. Discussion

In his sole point, Garibay argues that "the punishment assessed for the indecency . . . conviction violates his Fifth Amendment protection against double jeopardy for multiple punishment[s] for the same offense." Garibay contends that the jurors were asked to convict and punish the same acts—both in support of the aggravated-sexual-assault offense and its lesser-included offense, indecency by contact. He asserts that his indecency conviction should be vacated. We disagree.

3

## A.    Applicable Law

The Fifth Amendment of the United States Constitution provides that no person shall have life or limb twice put in jeopardy for the same offense. U.S. Const. amend. V. Generally, this provision—the Double Jeopardy Clause—protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *Ramos v. State*, 636 S.W.3d 646, 651 (Tex. Crim. App. 2021).

When a defendant faces multiple convictions or punishments in a single trial, the role of the double-jeopardy guarantee "is limited to [en]suring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Ex parte Aubin*, 537 S.W.3d 39, 43 (Tex. Crim. App. 2017) (quoting *Brown*, 432 U.S. at 165, 97 S. Ct. at 2225). Simply put, "the State has the right to prosecute and *obtain jury verdicts* on two offenses in a single trial, even if the offenses are the same for double[-]jeopardy purposes." *Id.* (citing *Ball v. United States*, 470 U.S. 856, 865, 105 S. Ct. 1668, 1673 (1985))."[B]ut the defendant may be convicted and sentenced for only one offense." *Evans v. State*, 299 S.W.3d 138, 141 (Tex. Crim. App. 2009) (citing *Ball*, 470 U.S. at 865, 105 S. Ct. at 1673–74).

In addition, a double-jeopardy violation can occur even when sentences run concurrently and the impermissible conviction does not result in a greater sentence. *Id.* (citing *Ball*, 470 U.S. at 864–56, 105 S. at 1673). If the defendant is actually

convicted of both offenses, the court should assess the punishment for only the more serious offense. *Id.*; *Bigon v. State*, 252 S.W.3d 360, 372–73 (Tex. Crim. App. 2008).

A double-jeopardy violation may be raised for the first time on appeal when the undisputed facts show that the double-jeopardy violation is clearly apparent on the face of the record and when enforcing the usual procedural-default rules serves no legitimate state interests. *Langs v. State*, 183 S.W.3d 680, 686–87 (Tex. Crim. App. 2006); *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). For convictions involving multiple punishments for the same offense, the double-jeopardy violation is clearly apparent on the face of the record when the record affirmatively shows multiple punishments resulting from the commission of a single act that violated two separate penal statutes, one of which is subsumed in the other. *See Cervantes v. State*, 815 S.W.2d 569, 572 (Tex. Crim. App. 1991); *Pinkston v. State*, No. 2-08-165-CR, 2009 WL 2414373, at *6 (Tex. App.—Fort Worth Aug. 6, 2009, no pet.) (mem. op., not designated for publication); *Perez v. State*, No. 02-06-00225-CR, 2007 WL 2744914, at *6 (Tex. App.—Fort Worth Sept. 20, 2007, pet. ref'd) (mem. op., not designated for publication).

### B.    Analysis

Garibay concedes that he did not raise his double-jeopardy complaint in the trial court. But he argues that "the jurors were given the opportunity to convict on [the aggravated-sexual-assault and indecency-by-contact] offenses that were predicated as part of the same incident that included causing the finger to penetrate the sexual

5

organ and sexual contact by touching any part of the genitals of M.E." The State counters that it is not clearly apparent on the face of the record that the jury relied on the same act.

In support, the State directs us to a prior unpublished opinion from our court, *Perez v. State*, concerning the precise issue we confront here. 2007 WL 2744914, at *5–7. In *Perez*, we observed that "[c]ourts have held indecency with a child to be a lesser[-]included offense of aggravated sexual assault in certain circumstances—namely when the State uses one act to prove both offenses." *Id.* at *6 (citations omitted). We explained that "indecency with a child by touching the child's genitals can be a lesser[-]included offense of aggravated sexual assault of a child by penetrating the child's sexual organ if the same act is used to prove both the touching and the penetration." *Id.* (citing *Elder v. State*, 132 S.W.3d 20, 23 (Tex. App.—Fort Worth 2004, pet. ref'd)).

But—similar to this case—"when evidence supporting an indecency charge is not the same as that supporting the prosecution for aggravated sexual assault, the former will not be deemed to be a lesser-included offense of the latter, and both may be prosecuted without violating the [D]ouble [J]eopardy [C]lause." *Id.* In *Perez*, we reviewed the record and concluded that error was not clearly apparent on its face where the assaulted child testified about multiple sexual acts and offenses. *Id.* at *7. Similarly, the record before us does not show a double-jeopardy violation because it does not clearly indicate that the State was relying on the same act to prove both

Count 5 (aggravated sexual assault by digital penetration) and Count 6 (indecency by contact by touching).

M.E. testified that when she was younger than ten and up until she was around twelve or thirteen, Garibay repeatedly sexually abused her. Initially, he gave her what Garibay called "butt rubs." Garibay started "by rubbing [her] back, but it would always eventually go to [her] butt." She testified that she would eventually be "[lying] on [her] back" and that Garibay had touched her "front . . . under [her] clothing." She testified that Garibay had touched her vagina. When asked about when Garibay had inappropriately touched her, M.E. said, "Most of the time it was in the afternoons. And I believe once it was later at night."

M.E. testified that Garibay's conduct eventually escalated. She described as her first memory of such escalation a time when Garibay was "touching all over" in her mother's bed and had removed her pants and underwear. M.E. pulled her towards him, and "it was full contact," meaning that his penis was inside her vagina.

When asked whether Garibay's conduct "progress[ed] to hi[s] penetrating [her] vagina with his fingers," M.E. said, "Yes." She testified that "[m]ost of the time it would be every time that he would use his fingers before putting his penis in," including when he applied lubricant to her. When asked about the frequency of Garibay's sexual abuse, M.E. estimated that Garibay had abused her approximately "once a week" for "[a] few years."

7

M.E. also described a separate late-night incident when they were watching television on the couch. She recalled Garibay's "placing [her] where [she] was sitting on his lap facing him," "straddling . . . him," while he was sitting on the couch. She described having an "out-of-body experience" because it was so uncomfortable.

M.E. further testified about a time that Garibay had touched her vagina with his mouth before putting his penis inside. This happened once.

M.E. said Garibay's abuse had occurred while her mother was at work, but she described an incident that had occurred when her mother was at home. She said that she was sitting next to Garibay on the couch where they were sharing a blanket. He asked her to scoot closer to him, and then he used his fingers to discreetly touch her vagina under the blanket.

When asked about the last time Garibay had abused her, M.E. said that she was either in the seventh or eighth grade. She had commented about being sore from playing volleyball, and Garibay asked if she wanted him to "massage out [her] soreness." But M.E. explained this was more a statement of his intent to touch her than a request. As she was initially lying on her stomach, Garibay massaged her legs and then "moved to [her] butt." He then "took his hand and kind of placed it up underneath and was touching [her] vagina." During another part of her testimony about this incident, M.E. said, "He put his fingers inside of [her] vagina." She said that Garibay stopped and left when she moved to where he could not touch her and made it known that she did not want him to touch her.

8

On this record, M.E. described multiple acts and incidents of sexual abuse that had occurred on multiple occasions; her testimony would have allowed the jury to convict Garibay for the separate counts of aggravated sexual assault and indecency by contact. *See Brown v. State*, Nos. 02-22-00190-CR, 02-22-00191-CR, 02-22-00192-CR, 02-22-00193-CR, 2023 WL 4779490, at *5 (Tex. App.—Fort Worth July 27, 2023, no pet.) (mem. op., not designated for publication) ("[T]he record . . . reflects evidence of five months of sexual abuse . . . involving all of these activities on multiple occasions[; these activities] would have allowed the jury to convict [appellant] for each count of indecency and each count of sexual assault without violating the Double Jeopardy Clause."); *Perez*, 2007 WL 2744914, at *7; *see also Maldonado v. State*, 461 S.W.3d 144, 149–50 (Tex. Crim. App. 2015) (discussing cases in which juries were presented with evidence of multiple instances of conduct involving different acts at different times over a span of many years as compared to cases in which improper sexual touching was not separate from penetration).[2] Because there is no clear double-jeopardy violation on the face of the record, *see Langs*, 183 S.W.3d at 686–87; *Gonzalez*, 8 S.W.3d at 643, we overrule Garibay's sole point.

---

[2]Garibay argues for reversal under *Evans*, in which the court of criminal appeals held that Evans's double-jeopardy rights were violated by the State's obtaining indecency and sexual-assault convictions "based on a *single* act of molestation." 299 S.W.3d at 139 (emphasis added). *Evans*, which involved abuse during a single act, does not control this case, which involves multiple abusive acts on multiple occasions. *Compare id.*, *with Maldonado*, 461 S.W.3d at 149–50, *and Brown*, 2023 WL 4779490, at *5, *and Perez*, 2007 WL 2744914, at *7.

### III. Conclusion

Having overruled Garibay's sole point, we affirm the trial court's judgments of conviction.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 8, 2025