COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.  2-07-366-CR

 

 

BRENDON
LEE MEDCALF                                                      APPELLANT

 

                                                      V.

 

THE
STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

               FROM THE 355TH
DISTRICT COURT OF HOOD COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

Appellant Brendon Lee Medcalf appeals from his
conviction for indecency with a child by contact.  In two points, he argues that his conviction
is barred by double jeopardy and that the evidence is legally insufficient to
support the jury=s verdict.  We affirm.








                                                Background

The grand jury indicted Appellant for aggravated
sexual assault of a child under the age of fourteen by penetrating the
complainant=s sexual organ with his sexual
organ (count one) and by contacting her sexual organ with his sexual organ
(count two) and for indecency with a child by touching her genitals (count
3).  See Tex. Penal Code Ann. ''
21.11(a)(1) (Vernon 2003), 22.021(a)(1), (2)(B) (Vernon Supp. 2008).  The indictment alleged that all counts
occurred Aon or about@ January
15, 1999.








The complainant, A.N., is Appellant=s
stepsister.  She testified that on
several occasions when she was in the first and second grade and her mother was
married to Appellant=s father, Appellant woke her up,
took her to his room, and penetrated her female sexual organ with his
penis.  She also testified that he
touched her mouth, but she did not say with what part of his body.  A.N. further stated that when she was in the
fifth grade and after her mother and Appellant=s father
had divorced, she and her sister spent the night at Appellant=s father=s
house.  She testified that Appellant
touched her genitals under her clothes with his hand.  A.N. said that she first reported Appellant=s
conduct to her grandmother, Nona, in 2006 when she was an eighth grader.  On cross-examination, she testified that she
had also told four friends in 2005.  She
also said that she had not told the district attorney about the fifth grade
incident until four or five days before trial.

Nona testified that in early 2006, she confronted
A.N. about spending too much time with an older boy from church.  She said that A.N. broke down and told her
that Appellant used to go to her bedroom at night, take her to his room, and Ado
things to her.@ 
Nona stated that she reported A.N.=s outcry
to A.N.=s
mother, Cindy, a week later.  On
cross-examination, Nona testified that several months after A.N. made her
initial outcry, she told Nona that Athere
was full penetration.@

Texas Ranger Joe Hutson testified that at the
request of the Hood County District Attorney=s
Office, he set up a Acontrolled phone call@ in
March 2006.  He explained that he met
A.N. at Nona=s house, set up telephone
recording equipment, and instructed A.N. to call Appellant in the hope of Afleshing
out the truth of the matter.@  A.N. spoke to Appellant on the phone, and
Hutson recorded the call.  A few days
later, Huston interviewed Appellant at his place of employment.  Again, he recorded the conversation.  The State played both recordings to the
jury.  Neither A.N. nor Appellant
mentioned sex in the telephone call, and Appellant denied having done anything
wrong in his interview with Hutson.








Jacqueline Hess, a nurse formerly with Cook
Children=s
Hospital=s sexual
abuse team, testified that she interviewed and examined A.N. in March
2006.  She said that A.N. told her that
when she was six or seven, Appellant put his penis in her vagina and mouth Aalmost
every night.@

During deliberations on guilt/innocence, the jury
notified the trial court that it had reached a verdict on counts one and three
but was deadlocked on count two.  The
State moved to dismiss counts one and two, and Appellant=s
counsel agreed to the dismissal.  The
jury then returned a verdict of guilty on count three, the indecency by contact
count.  The jury went on to assess
punishment at ten years= confinement, and the trial
court rendered judgment accordingly.

                                            Double
Jeopardy

In his first point, Appellant argues that double
jeopardy bars his conviction for indecency with a child because the State
dismissed the aggravated sexual assault counts after jeopardy attached.








The Double Jeopardy Clause of the United States
Constitution provides that no person shall be subjected to twice having life or
limb in jeopardy for the same offense. 
U.S. Const. amend. V.  Generally,
this clause protects against (1) a second prosecution for the same offense
after acquittal, (2) a second prosecution for the same offense after
conviction, and (3) multiple punishments for the same offense.  Brown v. Ohio, 432 U.S. 161, 165, 97
S. Ct. 2221, 2225 (1977); Ex parte Herron, 790 S.W.2d 623, 624 (Tex.
Crim. App. 1990) (op. on reh=g).  To determine whether two offenses are the
same, we must examine the elements of the applicable statutes to determine
whether each statute Arequires proof of an additional
fact which the other does not.@  Blockburger v. United States, 284 U.S.
299, 304, 52 S. Ct. 180, 182 (1932); see United States v. Dixon, 509
U.S. 688, 696, 113 S. Ct. 2849, 2856 (1993); Parrish v. State, 869
S.W.2d 352, 353B55 (Tex. Crim. App. 1994).

Generally, to preserve a double jeopardy claim, a
defendant must object at or before the time the charge is submitted to the
jury.  Gonzalez v. State, 8 S.W.3d
640, 642 (Tex. Crim. App. 2000).  An
appellant is excused from the preservation requirement, however, when (1) the
undisputed facts show the double jeopardy violation is clearly apparent on the
face of the record and (2) enforcement of usual rules of procedural default
serves no legitimate state interests.  Id.
at 643.

In this case, Appellant did not raise his double
jeopardy complaint in the trial court. 
Therefore, we must determine whether the undisputed facts show that the
double jeopardy violation is clearly apparent on the face of the record and
whether enforcement of usual rules of procedural default serves no legitimate
state interests.  See id.








Although this case does not involve multiple
punishments, cases analyzing double jeopardy claims in that context are
instructive.  We will find a
multiple-punishment double jeopardy violation Aclearly
apparent on the face of the record@ when
the record shows multiple punishments resulting from the commission of a single
act that violated two separate penal statutes, one of which is subsumed in the
other.  See Blockburger, 284 U.S.
at 304, 52 S. Ct. at 182; Cervantes v. State, 815 S.W.2d 569, 572 (Tex.
Crim. App. 1991), cert. denied, 502 U.S. 1110 (1992).








Indecency with a child is a lesser included
offense of aggravated sexual assault when the State uses one act to prove both
offenses.  See, e.g., Ochoa v.
State, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998); Cunningham v. State,
726 S.W.2d 151, 153 (Tex. Crim. App. 1987); Beltran v. State, 30 S.W.3d
532, 534 (Tex. App.CSan Antonio 2000, no pet.).  For example, as we explained in Elder v.
State, indecency with a child by touching the child=s
genitals can be a lesser included offense of aggravated sexual assault of a
child by penetrating the child=s sexual
organ if the same act is used to prove both the touching and the
penetration.  132 S.W.3d 20, 23 (Tex.
App.CFort
Worth 2004, pet. ref=d), cert. denied, 544
U.S. 925 (2005); see also Hutchins v. State, 992 S.W.2d 629, 632 (Tex.
App.CAustin
1999, pet. ref=d, untimely filed) (holding that
indecency by exposure is a lesser included offense of aggravated sexual assault
when the indecency charge is based on the defendant=s
exposure of his penis in the course of penetrating the victim=s sexual
organ).  But when evidence supporting an
indecency charge is not the same as that supporting the prosecution for
aggravated sexual assault, the former will not be deemed to be a lesser
included offense of the latter, and both may be prosecuted without violating
the double jeopardy clause.  See,
e.g., Bottenfield v. State, 77 S.W.3d 349, 358 (Tex. App.CFort
Worth 2002, pet. ref=d), cert. denied, 539
U.S. 916 (2003) (holding evidence that showed appellant touched victim=s sexual
organ twice supported convictions for both aggravated sexual assault and
indecency); Patterson v. State, 96 S.W.3d 427, 432 (Tex. App.CAustin
2002) (holding that two separate acts of penetration supported convictions for
aggravated sexual assault by penetration and by contact), aff'd, 152
S.W.3d 88, 92 (Tex. Crim. App. 2004); Murray v. State, 24 S.W.3d 881,
889 (Tex. App.CWaco 2000, pet. ref=d)
(holding that defendant may be convicted of both indecency and aggravated
sexual assault when evidence indicates that defendant penetrated victim=s female
sexual organ with his fingers and touched her genitals with his tongue).








In this case, Appellant cannot show that a double
jeopardy violation is clearly apparent from the face of the record.  See Gonzalez, 8 S.W.3d at 643.  Unlike Elder, on which Appellant
relies heavily, the State did not depend on a single act to prove the three
offenses alleged in the indictment.  See
Elder, 132 S.W.3d at 23.  A.N.
testified that Appellant penetrated her female sexual organ with his penis on
several occasions when she was in the first grade and that he touched her
genitals with his hand once when she was in the fifth grade.  Thus, the indecency count was not necessarily
a lesser included offense of the aggravated sexual assault counts.  If the State had not dismissed the aggravated
sexual assault counts and the jury had convicted Appellant on all three counts,
punishment on all three counts would not violate the prohibition against double
jeopardy because the jury could have based its verdict on separate acts.  See, e.g., Patterson, 96 S.W.3d at
432.  The fact that the State dismissed
the aggravated sexual assault counts, leaving only the indecency by contact
count, does not change the jeopardy analysis.

We hold that Appellant has failed to show that a
double jeopardy violation is clearly apparent from the face of the record.  See Gonzalez, 8 S.W.3d at 643.  We overrule his first point.

                                            Legal
Sufficiency








In his second point, Appellant challenges the
legal sufficiency of the evidence to support his conviction.  When reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007). 
The testimony of a child victim alone is sufficient to support a
conviction for indecency with a child.  See
Tex. Code Crim. Proc. Ann. art. 38.07(a) (Vernon 2005); Scott v. State,
202 S.W.3d 405, 408 (Tex. App.CTexarkana
2006, pet. ref=d).

In this case, A.N.=s
testimony that Appellant touched her genitals with his hand is legally
sufficient evidence to support the jury=s guilty
verdict on the indecency by contact count.

Appellant argues that there is Aliterally
no evidence regarding@ the indecency by contact count
because the prosecutor was unaware of the incident in which Appellant touched
A.N.=s
genitals when she was in the fifth grade until four or five days before trial;
thus, he argues, that incident could not have served as the basis for count
three of the indictment.








When an indictment alleges a crime occurred Aon or
about@ a
certain date, the State may prove an offense with a date other than the one
specifically alleged so long as the date is anterior to the presentment of the
indictment and within the statutory limitation period and the offense relied
upon otherwise meets the description of the offense contained in the
indictment.  Yzaguirre v. State,
957 S.W.2d 38, 39 (Tex. Crim. App. 1997). 
The grand jury returned the indictment in this case on January 31,
2007.  The offense of indecency with a
child has no limitation period.  Tex.
Code Crim. Proc. Ann. art. 12.01(1)(E) (Vernon Supp. 2008).  Thus, the State could prove the offense of
indecency with a child with any date before January 31, 2007, including the
fifth-grade incident about which A.N. testified.

We overrule Appellant=s second
point.

                                                Conclusion

Having overruled both of Appellant=s
points, we affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL: GARDNER, HOLMAN,
and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 13, 2008











[1]See Tex. R. App. P. 47.4.